### RAY v. LOPER, APPELLANT.

1. **Parent and Child**: ADVANCEMENT; HOTCHPOT. A voluntary conveyance of land by a parent to a child is, *prima facie*, an advancement, and, if the child come in for a distributive share of the estate of the parents, such advancement should be brought into hotchpot; but, by bringing into hotchpot, under our statute, it is not meant that the property given by way of advancement should, in kind or specie, be thrown in with the property which has descended from the parent, but, that it should be estimated and charged against such child according to its value at the time the advancement was made without interest.

2. **Advancement**: EVIDENCE. Although declarations made by a father to a son, and not contradicted by the son, to the effect that he had given lands to the son, or furnished him the money wherewith to buy them, are admissible as evidence for what they are worth, to establish these facts against the son or his heirs, there is no principle of law that would permit the gift to be established by declarations of the father to third persons; for this would enable him, virtually, to disinherit one of his children without making a last will or testament.

*Appeal from Bates Circuit Court*—Hon. FOSTER P. WRIGHT, Judge.

*Galloway & Johnson* for appellant.

1st. No interest can be charged upon money given to a child by way of advancement, and if land advanced to a child be brought into hotchpot, it must be brought in at its value at the time the advancement was made, and this inflexible rule must be applied, although the land had increased to twenty times its original value. *Grattan v. Grattan,* 18 Ill. 167; *Osgood v. Breed's heirs,* 17 Mass. 356; *Hall v. Davis,* 3 Pick. 450.

2nd. The evidence shows that the two hundred acres claimed to have been entered and bought by Daniel Ray for W. W. Ray was entered in the name of W. W. Ray, and the patent issued in his name. To contradict this, no competent evidence was introduced by plaintiff; indeed, the patent was conclusive on that point. Story's Eq. vol. 2, sec. 1,201 and notes; Greenleaf's Ev. vol. 1, p. 266; *Ringo v. Richardson,* 53 Mo. 385.

*C. C. Bassett* for respondent.

1st. The rule is that advancements of real estate shall be valued as at the death of the ancestor when it is brought into hotchpot. *Taylor v. Reese,* 4 Ala. 121; *Robertson v. Dunn,* 2 Murphy 133; *Thomas v. Gage,* 1 Harper's Ch. 197; *Kean v. Welch,* 1 Gratt. 403; *Powell v. Powell,* 9 Dana 12.

2nd. An advancement of money or property to a child is *prima facie* an advancement, though it may be shown that it was a gift and not an advancement. Kent's Com. 11th ed. p. 461; *Distributees of Mitchell v. Mitchell,* 8 Ala. 414; *Brown v. Burke,* 22 Ga. 574; *Stanley v. Brannon,* 6 Blackford 193; *Tremper v. Barton,* 18 Ohio 418–423.

3rd. The acts and declarations of the parent, either concurrent or subsequent, may be shown as evidence as well of his original intention as of his final purpose. *Johnson v. Belden,* 20 Conn. 322; *Clark v. Warner,* 6 Conn. 355; *Middleton v. Middleton,* 31 Iowa 151; *West v. Bolton,* 23 Ga. 531.

HENRY, J.—A voluntary conveyance of land by a parent to a child is *prima facie* an advancement, and if the party to whom the advancement was made comes in for a distributive share of the estate of the parent, such advancement shall be brought into hotchpot with the estate descended. Bringing into hotchpot, under our statute, does not mean that the property or money advanced shall, in kind or specie, be thrown in with the property which has descended, but that it is to be estimated and charged against the party according to its value at the time the advancement was made. *Nelson v. Wyan*, 21 Mo. 352; *Grattan v. Grattan*, 18 Ill. 167; *Oyster v. Oyster*, 1 S. & R. 422. The case of *Kean v. Welch*, 1 Grattan, cited by respondent, does not militate against this doctrine. The court in that case based its decision upon the provision of the testator's will, which treated the shares advanced by him to his children as still his own, and required them, as well as those of which he was in possession and owner at his death, to be equally divided betwixt his children.

1. PARENT AND CHILD; advancement: hotchpot.

The evidence in this case shows that, in 1853, William Ray entered in his own name, two hundred acres of land adjoining the lands entered by his father, and received a patent for it from the government in 1854. On the trial in the court below, the evidence to show, that the two hundred acres of land, above referred to, were given to William Ray by his father, consisted of declarations made by Daniel Ray, testified to by the plaintiff, James Ray, and by Scribner, Ellidge and Goodwin. James Ray testified that his father "told William he could have the land he bought for him to live on, and that the other children would get the same, and that he was to account for the land given him in the same proportion as the other land when divided." This evidence was admissible for what it was worth, but the other witnesses were permitted to testify: the one that Daniel Ray told him he had given Wil-

liam one hundred and sixty acres of land; another, that he told him that William had his share of the land; and another, that he heard Daniel Ray say that he intended the land he owned, for James, the plaintiff, and this, we think, was wholly inadmissible.

One question in the case was whether Daniel Ray had given William two hundred acres of land; and the evidence furnished by the entries in the records of the land office, and the patent from the government to William Ray, was to be overcome. This tended strongly to show that William had purchased the lands with his own means. While any declarations made by Daniel Ray to William, and by him not contradicted, to the effect that he had given the lands to William, or furnished him the money to buy them, are admissible against him or his heirs, there is no principle of law which would admit, as evidence to establish that fact, the declarations of Daniel Ray to third persons. There is nothing in the nature of this case that exempts it from the application of the general rule. Daniel Ray could, by will, have disposed of his property as he saw proper, but he could not disinherit one of his children by the " loose, disjointed chat," testified to by these witnesses. When the parent gives property to the child he may, at the time, fix upon it, what value he pleases, as an advancement, or he may do so in his will,—or probably by a memorandum charging it against the child as an advancement, but his verbal declarations, that he had given property to a child, made to third persons, are not evidence of the fact. That he has given land must first be established by competent evidence, and then the law presumes it to have been by way of advancement, but to permit the gift to be established by the declarations of the parent, made to third persons, is to enable him virtually to disinherit one of his children, without making a last will and testament. *Haverstock v. Sarbach*, 1 Watts & Serg. 392; *Levering v. Rittenhouse*, 4 Whar. 130; *Porter v. Allen*, 3 Barr 390. The evidence to prove

2. ADVANCEMENT; evidence.

that Daniel Ray gave the two hundred acres of land to William, and that it was to be charged against him, at its value, when Daniel Ray's estate should be divided betwixt his heirs, consists entirely of declarations of the father made to William, and testified to by his son James, the plaintiff, and is a species of evidence which should at all times be received with caution; but when adduced to overcome the evidence to the contrary, furnished by the books and records of the United States land office, and a patent issued for the land by the government of the United States, it is the duty of both courts and juries closely to scrutinize such testimony, and only yield assent to the proposition it is designed to establish, when the evidence is so explicit and the witnesses so credible, that neither a court nor a jury can hesitate to believe it. Daniel Ray and William are both dead, and the remarks of the court in the cases of *Ringo v. Richardson*, 53 Mo. 395; *Kennedy v. Kennedy*, 57 Mo. 73; and *Darrier v. Darrier*, 58 Mo. 222, in regard to the character of the testimony relied upon in this case, are peculiarly applicable here. We shall not reverse the judgment on the ground that the evidence did not warrant the finding of the court, but because the court admitted evidence of the declarations made by Daniel Ray to Scribner, Ellidge and Goodwin, before alluded to; but will suggest, as the cause will be remanded for a new trial, that in our opinion the testimony of James Ray, to the effect that his father gave William the two hundred acres of land, is contradicted by the entry in the land office and the patent for the land issued to William, and that giving the testimony of James all the effect it is entitled to, in connection with all the other facts, it proves no more than that Daniel Ray gave William the money to enter the land, and not the land, and that all that can be charged against him is that amount of money without interest.

With the concurrence of the other judges the judgment is reversed and the cause remanded.        REVERSED.