GUNN et al., *Appellants*, v. THRUSTON et al.

Division One, November 7, 1895.

130  339
136  173
137  185
130  339
81a  365
130  339
86a  125
86a  126
130  339
93a  1379

1. **Partition**: RENTS: ADVANCEMENTS: IMPROVEMENTS: TAXES. In suits for partition issues between cotenants in regard to their respective rights may be made and determined; some may be charged with rents or advancements, and others credited with improvments and payment of taxes.

2. ———: WITNESS. Where several heirs bring partition, each can testify that money received by the other from the deceased was a gift, but he can not so testify as to his own share.

3. ———: PRESUMPTION: ADVANCEMENT: GIFT. The presumption that money given by a parent to a child is an advancement and not an absolute gift, may be repelled by subsequent declarations of the donor to third persons.

4. ———: EVIDENCE: ABSOLUTE GIFTS. Evidence of absolute gifts by parents to other children, and of their amount, is admissible, in a partition suit, to show that gifts to certain of his children were intended as absolute gifts.

5. ———: ———: ———. Such evidence is admissible, although the facts relating thereto are not specially pleaded.

6. ———: ADVANCEMENT: JURY TRIAL. While a party to a partition suit is entitled to a jury trial on issues involving the title to the land, such is not the case as to issues in respect to adyancements made them.

*Appeal from Morgan Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*John A. Blevins, A. L. Ross,* and *J. W. Jamison* for appellants.

· (1) Plaintiff Cora L. Martin was a competent witness. The issues made by the pleadings were separate and required separate findings by the court. She was competent to testify for her coplaintiffs, even if she could not testify for herself, and the court erred in ruling that she was incompetent for any purpose in the case. Where one of the original parties to the contract or cause of action in issue and on trial is dead, the other party can not testify in his own favor. But in this case Cora L. Martin was not a party to the contract between her deceased father and her coplaintiffs, nor was she testifying in her own favor. *Scott v. Harris*, 27 N. E. Rep. 151; R. S. 1889, sec. 8918; *Ford v. O'Donnell*, 40 Mo. App. 63; *Bank v. Hunt*, 25 Mo. App. 173; *Ashbrook v. Letcher*, 41 Mo. App. 370, and cases cited; *Meier v. Thieman*, 90 Mo. 433; *Beach v. Commin's Ex'x*, 18 S. W. Rep. (Ky.) 360. (2) The courts recognize that there may be several distinct issues, and that the defendants may have separate defenses, and that separate issues may arise by plaintiffs replying to defendant's answer. *Waddell v. Waddell*, 12 S. W. Rep. 349; *Donovan v. Dunning*, 69 Mo. 436; *Bobb v. Bobb*, 76 Mo. 419; *Rhinehart v. Long*, 95 Mo. 399. (3) Neither the estate of John B. Thruston nor his legal representatives was a party to the suit. The contest was between living persons, and all the parties to the record were competent witnesses, and the court's ruling that plaintiffs were each incompetent witnesses for any purpose in the case was error. *Gamache v. Gambs' Adm'r*, 52 Mo. 289; *Garvin v. Williams*, 50 Mo. 211; *Pigg v. Carroll*, 89 Ill. 205; *Morse v. Low*, 44 Vt. 561; *Kershaw v. Kershaw*, 102 Ill. 307; *McClintock v. McClintock*, 58 Mich. 155; *Postell v. Chapman*, 80 Ga. 678; *Cole v.*

*Shentleff*, 41 Vt. 314, and 27 Vt. 631.   (4) And this is true, even though plaintiffs would not be permitted to testify concerning the whole case.   If they were competent to prove any fact in the case they were competent witnesses.   *Martin v. Jones*, 59 Mo. 187; *Nugent v. Curran*, 77 Mo. 325.   (5) The real question was, whether Dr. Thruston intended the gifts to his daughters as advancements.   Such statements revealed the intention of the donor at the time and was competent for that purpose.   They were also admissible as being part of the *res gestae.   Haynes v. Christian*, 30 Mo. App. 204.

*Draffen & Williams* for respondents.

(1) The cause of action in issue, and on trial, involved a transaction between the plaintiffs and John B. Thruston, who was dead, and the court below properly held that the plaintiffs were not competent witnesses upon that issue.   2 R. S. 1889, sec. 8918; Thornton on Gifts and Advancements, p. 615, sec. 622; *Chapman v. Dougherty*, 87 Mo. 617; *Scott v. Riley*, 41 Mo. App. 251; *Messimer v. McCray*, 113 Mo. 382; *Ashbrook v. Letcher*, 41 Mo. App. 369.   (2) "All the dangers and all the mischief which can arise from the false testimony of the surviving party will be incurred as well in the case where the heirs of the deceased party bring suit and rely on the contract, etc., as when a stranger does the like."   *Chapman v. Dougherty*, 87 Mo. 617; *Messimer v. McCray*, 113 Mo. 382; *Ashbrook v. Letcher*, 41 Mo. App. 369; *Leeper v. Taylor*, 111 Mo. 312.   (3) It was not proper for the plaintiffs to prove alleged statements of the deceased, as to what he had previously advanced or given to defendants.   Such declarations were not competent evidence of such prior gifts or advancements. *Nelson v. Nelson*, 90 Mo. 460; *Ray v. Loper*, 65 Mo. 470.   (4) This was not an action for the recovery of

money only, or of specific real or personal property, and was triable by the court. 1 R. S. 1889, secs. 2131, 2132; *Bray v. Thatcher*, 28 Mo. 129; *Wendover v. Baker*, 121 Mo. 273. (5) The court would not have been bound by the opinion of the jury upon the issues submitted, and had the right, at the conclusion of the evidence, to discharge the jury and enter such decree as to the court seemed proper, upon the testimony produced. *Cox v. Cox*, 91 Mo. 71; *Snell v. Harrison*, 83 Mo. 651.

MACFARLANE, J.—Plaintiffs as some of the children and heirs at law of John B. Thruston, deceased, sue for partition of the real estate of which he died seized. By answer defendants charged that deceased in his lifetime made advancements of $1,000 each to plaintiffs Ella D. Gunn, Cora L. Martin, and Florence B. Hawks, and asked that they be required to bring such advancements into hotchpot, and that they be charged respectively therewith. The reply admitted the receipt of the money from deceased in his lifetime, but averred that it was as a gift and not as an advancement.

On the trial each of the plaintiffs was offered as a witness in her own behalf as well as in behalf of the others, to prove that the money was paid them absolutely as gifts and not as advancements. The testimony of these witnesses was excluded by the court on the ground that the witnesses were not competent to testify, on account of the death of their ancestor. Plaintiffs also offered to prove subsequent declarations made to third persons by their ancestor to the affect that the money given them was intended as absolute gifts. This evidence was excluded by the court. The court also refused to admit evidence offered by plaintiffs which tended to prove that the donor also made gifts to his other children. It also refused plaintiffs a jury trial. These rulings are assigned as error.

I. The first question is whether any of the heirs of John B. Thruston, deceased, to whom money was given, were competent witnesses to prove his intent in giving the amounts with which defendants attempt to have them charged as advancements. The court held that no one of them was competent to testify either to her own claim or to that made by any one of the others.

Under our statute no person is disqualified as a witness in any civil action, by reason of his interest in the event of the same as a party, or otherwise, except that in "actions where one of the original parties to the contract or cause of action in issue and on trial is dead, * * * the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him." R. S., sec. 8918.

The attempt is here made to charge as advancements money received by plaintiffs from their deceased father during his lifetime. That such rights and liabilities of the parties can be settled in a suit for the partition of the real estate of the ancestor is not disputed. Whether the money received was an absolute gift or an advancement depends upon the intention of the testator at the time the money or property came into the hands of the recipient.

The Vermont statute uses this language in defining the words "contract or cause of action in issue and on trial" which will be seen to be identical with those adopted by our legislature: "By the words 'contract or cause of action in issue and on trial,' the legislature evidently intended such contract or cause of action as was to be enforced by the proceeding; that in regard to which an issue was to be formed, and a trial had, where the rights of the parties to the contract or cause of action would be determined by the result."

If the money received by plaintiffs was intended

by their father as an advancement, then, on its accept-ance as such, the law implied an agreement or contract that the amount thereof should be charged to them on settlement and distribution of the estate. But the statute does not stop in disqualifying as a witness one party to a contract, in case the other party thereto is dead, but extends the disqualification to a party to a cause of action "in issue and on trial." *Chapman v. Dougherty*, 87 Mo. 619.

The cause of action in issue and on trial in this case was clearly a transaction between the plaintiffs and their deceased father, and each of the plaintiffs is, under the express term of the statute, disqualified as a witness to testify in her own behalf.

But we do not think it follows that one of the plaintiffs is rendered incompetent to testify as a wit-ness in behalf of the others. In suits for partition, issues between the cotenants in regard to their respect-ive rights may be made and determined. One may be charged with rents, or advancements, and another credited by improvements and payment of taxes. These questions become separate issues and are to be tried independently of the general questions involved. *Holloway v. Holloway*, 97 Mo. 629; *Spitts v. Wells*, 18 Mo. 468; *Green v. Walker*, 99 Mo. 72.

Each of these plaintiffs claims rights independent of those claimed by the others. Each claim, therefore, forms a separate issue, and each claimant is entitled to have her rights determined independently of the others. No one of them is a party to the transaction or cause of action under which another received money from her intestate father and does not come within the terms of the statute excluding as a witness one who is a party.

Some cases are cited in which it is held that none of the heirs are competent witnesses to prove subse-

quent declarations of the intestate, which tend to prove his intention in giving to one of them money or property, but it will be found that the statutes under which these decisions were made are much broader in their terms than ours.   See *Dille v. Webb*, 61 Ind. 85, as an illustration.

The court ruled correctly in excluding the testimony of one party which was offered in support of her own cause of action, but erred in excluding that of a party offered in support of the cause of action of other parties.

II.   When money or property is given by a parent to a child, except as otherwise provided by statute (sec. 4471), the presumption is that the gift is by way of an advancement, and not as an absolute gift.   This presumption, however, may always be fortified or rebutted by extraneous evidence.

The intention of the donor at the time the gift was made, when ascertained, is controlling.   This may be shown by all the facts and circumstances attending the transaction.   These would include the cotemporaneous declarations of both the donor and donee.   These declarations would become verbal acts, and would be admissible as a part of the *res gestae*.   Thornton, Gifts and Adv., secs. 537, 588; *Ray v. Loper*, 65 Mo. 473; *Nelson v. Nelson*, 90 Mo. 463.

There is much conflict in the decisions on the question whether subsequent declarations of the donor, made to third persons, are admissible to rebut the presumption that a gift by a parent to a child was intended as an advancement.   Indeed, it is insisted that the cases of *Ray v. Loper* and *Nelson v. Nelson, supra,* are not in harmony on the question.   An examination of the point decided, and a comparison of what was said in these cases, will show that there is no inconsistency.

It is said by Judge HENRY, in *Ray v. Loper, supra:*

"When the parent gives property to the child, he may, at the time, fix upon it what value he pleases, as an advancement, or he may do so in his will, or probably by a memorandum charging it against the child as an advancement; but his verbal declarations that he has given property to a child, made to third persons, are not evidence of the fact."

In *Nelson v. Nelson, supra,* it is said by BLACK, J.: "Where a conveyance has been made by the father to a child, the father's subsequent declarations may be received to show that the conveyance was not an advancement, but an out and out gift." In this case it is also said: "Verbal declarations by a parent to third persons that he had advanced the child are incompetent when offered in the interest of the estate," citing *Ray v. Loper.*

So it will be seen that under the issues on trial in these cases the effort was made in each to prove by such declarations that the gifts were intended as advancements, and for that purpose they were held inadmissible.

But it is said that the character of the gift is fixed by the intention of the testator at the time it is made, and whether it is intended as a gift or advancement the donor parts with all his interest in the property given, and subsequent declarations can not change its character. This proposition is undoubtedly correct, but the declarations are not admitted for the purpose of changing the character of the gift, but for the purpose of proving the intention of the donor at the time it was made.

It is an elementary principle of the law of evidence that admissions of a party to a contract or transaction, when the same is in issue and on trial, are admissible when against the interest of the party making them but declarations in his interest are not admissible.

The presumption is that a parent intends that his children shall share equally in his estate. Hence the further presumption that when he gives property to one of his children, in his lifetime, he intends the same as an advancement to such child with which he is to be charged on final distribution of his estate. Therefore, though the donor parts with all his interest in the property given, he still has an interest in having it charged as an advancement in order that all his heirs may be made equal out of the property remaining at his death. It is therefore to his interest that the donation should be charged as an advancement and any subsequent admissions of the donor to third persons that it was intended as an absolute gift would be made against his interest and would be admissible, not for the purpose of changing the character of the transaction, or of impeaching the title of the grantee but of rebutting the presumption that it was intended as an advancement.

We are therefore of the opinion that the evidence of subsequent declarations of the intestate to the effect that he intended to make absolute gifts to plaintiffs was admissible.

III.   In order to show the motive which prompted the intestate in giving plaintiffs the amounts with which the attempt is made to charge them, all the circumstances should be considered. These would include the value of the estate, the value of the donations, and what has been done by way of gifts or advancements to the other heirs. The law ascribes to the parent the intention to deal equally with all his children in the distribution of his estate, and evidence that he had made absolute gifts to other children would tend to prove that the same motive prompted him in giving to these plaintiffs. Evidence that he had made advancements to other children would tend to fortify the pre-

sumption that these gifts were intended as advancements. We think it was competent therefore for plaintiffs to prove that deceased had, in his lifetime, made absolute gifts to his other children and to show their value. This evidence would tend to prove the intention of the intestate in making the gifts in question and would be admissible for that purpose without pleading the facts.

IV. A party to a partition suit is entitled to a jury trial on issues involving the title to the real property sought to be partitioned. R. S. 1889, secs. 7145, 2131; *Benoist v. Thomas*, 121 Mo. 660. But in determining and adjusting the rights of the parties in respect to advancements made them they are not entitled to a trial by jury as a matter of right. Issues of that character are not for the recovery of the money or other property advanced. That passed absolutely to the donee, regardless of whether it was intended as a gift or advancement. The complaint of plaintiffs that a trial by a jury was denied them is not ground for reversal.

For the reasons given, the judgment is reversed and the cause remanded for a new trial. All concur.