JOHNSON v. COLE et al.

(Supreme Court, Appellate Division, Fourth Department.   November 18, 1902.)

1. DECLARATION AGAINST INTEREST—GIFT OR ADVANCEMENT.
   Detached declarations of a parent subsequent to transfers of property to his children are not admissible after his death to show that the transfers were gifts, and not advancements; he having no such interest in the question as to make his declarations against interest.
2. AGENCY—EVIDENCE—DECLARATIONS.
   Plaintiff in a suit for partition of the realty of the estate of a mother claiming and introducing evidence that a gift of money to defendants, paid over by the father, was from the mother, and that he was her agent in paying it over, his declarations when paying it over are not admissible to contradict the agency.
   Williams, J., dissenting.

Appeal from judgment on report of referee.

Action by Mary L. Johnson against Charles S. Cole and another. From an interlocutory judgment, on the report of a referee, determining the rights and interests of the parties in and to real estate, and providing that on distribution of the estate of Lucia A. Cole, the mother of the parties, defendants should be charged with certain advancements, they appeal.   Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HIS-COCK, and DAVY, JJ.

Elmer E. Charles, for appellants.
Frank W. Brown, for respondent.

HISCOCK, J.   This action was brought for the partition of real estate belonging to one Lucia A. Cole, deceased, the mother of the parties hereto.   In addition to the determination of the rights of the respective parties in and to said real estate, the question was litigated upon the trial whether the appellants should not be charged with the value of certain property which the mother had conveyed to them, respectively, as advancements, and the learned referee held that they should be so charged.

The appellants contend that various errors were committed by the referee in the exclusion and reception of evidence upon the trial. We think, however, that his rulings may be sustained, and that the judgment appealed from should be affirmed.

The interesting question presented by the exceptions upon this appeal is whether an heir to whom property has been transferred by a parent during lifetime may give evidence of statements made by the latter after such transfers, tending to show that the same were gifts, and not advancements, upon the theory that the parent has such an interest in having them treated as advancements that his declarations adverse to such interest may be received in evidence. The referee excluded such evidence upon the trial of this case, and we reach the conclusion that his ruling in that respect was correct.

It was the claim upon the trial that the mother, Lucia A. Cole,

¶ 1. See Descent and Distribution, vol. 16, Cent. Dig. § 427;  Evidence, vol. 20, Cent. Dig. §§ 1137, 1138.
   78 N.Y.S.—31½

transferred to the defendant appellants during her life various real and personal property. There was a contest whether the personal property involved in this action was transferred by her or her husband. Upon the theory that it was transferred by her, however, appellants sought to show that after such transfer she made statements indicating her intention to make a gift and not an advancement thereof, and the referee ruled out such evidence. It is urged by the respondent herein that there were other reasons why said evidence might be ruled out, but we shall assume that it was properly offered in those respects, and thus pass directly to the query whether subsequent detached declarations of an ancestor may be received in evidence after his death to show that transfers were gifts, and not advancements. No case has been called to our attention in this state passing upon this question. Some dicta and expressions by text-writers have been referred to tending to support each side of the question. The case of Sanford v. Sanford, 61 Barb. 299–307, to some extent by its reasoning is an authority for respondent's contention that such evidence is not admissible. We think that an analysis of the question in the light of elementary principles applicable thereto leads to a decision against its admissibility. The interest against which adverse declarations may be received either against the person making them, or, as in this case, his heirs, has been defined and settled to be a pecuniary, proprietary, and present interest. McKelvey, Ev. §§ 178–180; 1 Whart. Ev. (2d Ed.) § 228. The common cases in which such declarations have been received in evidence have been where they tended to show that an obligation for the payment of money had been paid or that there was some defense to it. In all of the cases to be found in this state the declarations tended to impair or destroy some interest which the party had present when making them, and which interest, if destroyed, lessened his pecuniary and property rights.

The right to have transfers treated as advancements instead of gifts does not, in our opinion, possess these characteristic and essential elements. When property has been transferred by a parent to his child, whether by way of advancement or gift, it has passed from him and his estate absolutely and forever. He never can have any right to recover and take it back. It can scarcely be said that the parent during life has any interest in or can be affected by the decision of the question, whether the transfer is one or the other. Such question can only arise after his death and amongst the heirs. Even after he has died, his total estate is not increased or diminished either upon one theory or the other. His heirs alone, as amongst themselves, have what may be regarded as an actual and property interest in the matter. As between them, if the heir having received property is charged with it as an advancement, the shares of the others are, of course, proportionately increased upon the distribution of the estate. We think that it would be going too far to hold that the right of one heir to have another charged with the value of property as an advancement arising after the death of the parent constituted such an interest in the latter during his life that he could defeat it by detached oral statements. We do not overlook the fact that the case of Gunn

v. Thruston, 130 Mo. 342, 32 S. W. 654, holds in opposition to these views. That case, however, is not an authority upon us, and we feel unwilling to follow it as an argument.

We shall briefly notice two other rulings complained of by the appellants. As indicated above, there was a contest between the parties whether certain moneys given to the appellants, respectively, came from the mother or from the father. Plaintiff gave evidence tending to show that the donations were from the former, and that the moneys accrued upon the sale of some real estate. The plaintiff was allowed to show by her husband that at the time these moneys were paid over it was directly to the husband of Lucia A. and in her presence, and also was allowed to show that at that time the husband stated that he would give the money to the two appellants. We think this evidence was competent, in connection with other testimony, as showing that the mother acquiesced in this disposition of the money, and made the husband her agent to pay it over to the appellants, as he subsequently did.

Appellants sought to show what was said by the father at the time he paid over these moneys. Such declarations were testified to by one witness, but ruled out upon the examination of another one. These alleged statements were to the effect that the father was giving the money on his own account, and that it did not belong to the mother. We think this evidence was inadmissible. The burden rested upon plaintiff to show that the moneys came from the mother, and were paid to the appellants through the husband as agent. If she sustained this burden, it was incompetent to allow proof of declarations made by the agent which were in opposition to, and in contradiction of, his agency. Upon the other hand, in the attempt which the appellants made to show that the money really belonged to the father and not the mother, it was, at least, not material or helpful to prove the mere declarations of the father to such ownership.

In accordance with these views, we think the judgment appealed from should be affirmed, with costs.

Interlocutory judgment affirmed, with costs. All concur, except WILLIAMS, J., who dissents.