## DOBBINS, Appellant, v. HUMPHREYS et al.

### Division One, December 24, 1902.

1. **Statutory Partition:** FINDING OF FACT. In an action under the statute for the partition of realty, where there is evidence tending to sustain the court's finding of facts, the appellate court will not disturb that finding.

2. ———: ———: DEFERENCE TO COURT'S FINDING. Where there is ample evidence in the case to support the court's finding that the advancements by an intestate to a certain child aggregated a given sum, the appellate court will not convict the trial court of error because the same amount might have been reached by taking into consideration an unsigned memorandum improperly admitted in evidence. It will on the contrary, in such case, be presumed that the court followed the proper evidence, and disregarded the improperly admitted memorandum.

3. ———: ADVANCEMENTS: EVIDENCE. Plaintiff signed a statement wherein he admitted he had received from his father an advancement of 80 acres of land at $1,600, and 14 acres for $154, and was put into the possession of the land, and his father stated at the time he would not make him a deed then because he might wish to give him another eighty later. Afterwards he gave him a deed to 174 acres at the expressed consideration of $3,354, and in that deed included the eighty-acre tract and the fourteen-acre tract previously given, and another eighty, which at the same price per acre mentioned in the original receipt, would make the entire consideration of $3,354. It was admitted by all persons that the first eighty and the fourteen

acres were advancements and there is no evidence, outside of the recital in the deed, that plaintiff ever paid his father anything for the last eighty or that it was a gift. *Held,* that it, too, was an advancement.

4. ———: ———: ACCOUNTS: EMBRACED IN STATEMENT. Where a child signs a statement reciting the fact that up to that time he has received certain advancements in money and property, it will be presumed that certain prior claims for work done and personal property were taken into account.

Appeal from Sullivan Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*Hall & Hall* for appellant.

(1)   As to whether the property and moneys conveyed and delivered by Thomas Dobbins to the plaintiff were a gift or an advancement depends upon the intention of the deceased father.  Gunn v. Thurston, 130 Mo. 345; Ray v. Loper, 65 Mo. 470; Ladd v. Stephens, 147 Mo. 319; Waddell v. Waddell, 87 Mo. App. 216; Lisles v. Huffman, 88 Mo. App. 143; Hattersley v. Bissett, 40 Am. St. Rep. 355; Booth v. Foster, 111 Ala. 812, 56 Am. St. Rep. 52; Brooks v. Latimer, 44 Kan. 431, 21 Am. St. Rep. 294; Wilkinson v. Thomas, 128 Ill. 363; Miller's Appeal, 40 Pa. St. 57, 80 Am. Dec. 555; 1 Am. and Eng. Ency. Law (2 Ed.), p. 775.   (2)   The donor may change an advancement to an absolute gift without the knowledge or consent of the donee, and if the father had advanced the plaintiff the sum of $5,012.40 as the court held, he had the right to change the amount of the advancement to $3,500 or $3,600 as the evidence clearly showed he intended to do.   1 Am. and Eng. Ency. Law (2 Ed.), p. 780; 1 Woerner's Am. Law of Ad. (1 Ed.), sec. 556; Thornton on Gifts and Advancements, sec. 532.   (3)   The book accounts and memoranda of the deceased, read in evidence by the defense, were not shown to have been made contemporaneously with the transactions recorded, and were therefore incompetent and the court erred in admitting the same, in evidence as against plaintiff.  Nelson v. Nelson,

90 Mo. 460; Ray v. Loper, supra; Bayless v. Hardy, 28 Mo. 396; Drug Co. v. Graddy, 57 Mo. App. 42; Milling Co. v. Walsh, 108 Mo. 283; Martin v. Nichols, 54 Mo. App. 597; McDonald v. McDonald, 86 Mo. App. 127; Thornton on Gifts and Advancements, sec. 592. (4) The book accounts, memoranda and verbal declarations of the father are competent evidence in favor of the plaintiff. Nelson v. Nelson, 90 Mo. 460; Gunn v. Thurston, 130 Mo. 346; Waddell v. Waddell, 87 Mo. App. 219; Thornton on Gifts and Advancements, sec. 587; 1 Woerner Am. Law Ad. (1 Ed.), sec. 558. (5) While a voluntary conveyance of land from a parent to a child, in consideration of love and affection, is presumed to be an advancement, yet where the deed conveying the land recites a full adequate money consideration and acknowledges the receipt of the same as the deed to the plaintiff does in this case, the burden of proof is upon the party claiming it to prove it an advancement. Miller's Appeal, 107 Pa. St. 221; Yundt's Appeal, 13 Pa. St. 575, 53 Am. Dec. 496; Newell v. Newell, 13 Vt. 24; Thornton on Gifts and Advancements, sec. 557; 1 Woerner's Am. Law of Ad. (1 Ed.), sec. 555, p. 1219; 1 Am. and Eng. Ency. Law (2 Ed.), p. 766. And the deed must be construed most strongly against the grantor. Nelson v. Broadhack, 44 Mo. 603; Johnson Co. v. Wood, 84 Mo. 509. (6) The evidence clearly shows an indebtedness from the father to the plaintiff for stock and material and labor, and this raises a presumption that the father intended to pay plaintiff by the conveyance of the land rather than to make an advancement. Kelly v. Kelly, 6 Rand. (Va.) 176, 18 Am. Dec. 710; 1 Am. and Eng. Ency. Law (2 Ed.), p. 771.

*Wilson & Clapp* for respondents.

(1) While the conclusions of fact drawn by the trial court from the evidence in equity cases are not taken as conclusive, still, much deference is given to its findings on account of the superior advantages it possesses for weighing the evidence and judging of

the credibility of the witnesses.  Mathias v. O'Neill, 94 Mo. 523; McElroy v. Maxwell, 101 Mo. 294; Drosten v. Mueller, 103 Mo. 624; Cobb v. Day, 106 Mo. 278; Blount v. Spratt, 113 Mo. 48; Johnson v. Duer, 115 Mo. 366; Parker v. Roberts, 116 Mo. 657.   (2)   The indebtedness of a distributee constitutes assets of the estate, and can be deducted from the distributive share of the debtor.  The right of set-off exists whether the distributee was indebted to the deceased before his death, or contracted a liability to the estate thereafter. Woerner, Am. Law Adm. (2 Ed.), sec. 564; Lietman's Ex. v. Lietman, 149 Mo. 112.

MARSHALL, J.—This is a suit under the statute for the partition of certain real estate in Sullivan county, owned by Thomas Dobbins, who died, intestate, on May 23, 1896.  The parties are his children.  The plaintiff claims one-thirteenth part of  the  property. The principal contention of the defendants is that the plaintiff received advancements from their father amounting  to more than his aliquot share of the land here involved, and hence he is not entitled to any further part of the estate.  The plaintiff claims that the personal property is more than sufficient to pay all of the debts of the estate, and that his distributive share of the personalty is more than enough to extinguish the advancements he received, and therefore he is now entitled to his part of the realty.  The plaintiff admits he received advancements, but claims they do not amount to more than thirty-five or thirty-six hundred dollars.  The case was tried before the court, no instructions were asked or given, and no finding of facts asked, but a very elaborate and exhaustive one was made by the court, and it is preserved in the record. The court found that the personalty remaining in the hands of the administrators is only sufficient to pay the taxes and the probate fees; that the aggregate value of the estate, ascertained by adding together the advancements made by the father in his lifetime, the payments made by the administrators on distribution, and

the value of the land here sought to be partitioned, is $59,298.27; that the distributive share of each child is $4,561.40, and that the plaintiff has received advancements aggregating $5,012.40, which is $451 in excess of his distributive share, and therefore he is not entitled to any part of this realty, and that as the other heirs do not want the land partitioned, the bill was dismissed. From this judgment the plaintiff appealed.

## I.

This is an action under the statute for the partition of realty. It is not a proceeding in equity for the partition of an equitable estate. [Reed v. Robertson, 45 Mo. 580.] The evidence as to the amount of advancements received by the plaintiff is conflicting. The plaintiff admitted that he, received thirty-five or thirty-six hundred dollars. The defendants introduced evidence tending to show that he received $5,012.40. The court found that the amount he received was $5,012.40. Under these circumstances it is not the practice of this court to disturb the judgment of the trial court on a question of fact. [James v. Insurance Co., 148 Mo. 1.]

But aside from this rule there is abundant and very persuasive evidence showing that the finding of the court is correct. In the first place, there is a statement signed by the plaintiff himself showing that on December 9, 1882, he owed his father $3,412.40, which sum is therein shown to be made up of the following items:

| | |
|---|---|
| 80 acres land at $20 per acre | $1,600.00 |
| 14 acres land at $11 per acre | 154.00 |
| 2 Horses | 160.00 |
| 1 Cow | 30.00 |
| | $1,944.00 |
| Cash paid | 1,468.40 |
| | $3,412.40 |

The statement further shows that the plaintiff had received no deed to the said land. The evidence shows, however, that afterwards, on November 9, 1885, his father deeded him one hundred and seventy-four acres, of which the eighty-acre and fourteen-acre tracts were part. The consideration specified in the deed is thirty-three hundred and fifty-four dollars, that is, it is just sixteen hundred dollars more than the $1,600 plus the $154 mentioned in the plaintiff's said statement of his indebtedness to his father on account of the land there mentioned. This $1,600 evidently represents the value of the additional eighty acres, valued at twenty dollars an acre, then conveyed to the plaintiff, and this $1,600 arising on November 9, 1885, added to the $3,412.40, admitted by the plaintiff in his statement of December 9, 1882, to be due his father, makes his indebtedness to his father $5,012.40, which is the exact amount found by the trial court to be due. This alone is enough not only to support the judgment but to show the correctness of the judgment.

The defendants showed that their father kept accurate accounts, on separate slips of paper, of advancements he made to each of his children, and that those slips were found among his papers. The defendants offered, and the court admitted in evidence, the following slip:

"My son George Dobbins has drawn from my estate up to the first of July, 1883, $4,012.40 in land and money, but on said land owes 1,000 thousand to be paid to me or heirs at 6 per cent owing to his having drawn this amount over his share his note to be drawn on the first day of March in 1883."

The plaintiff contends that the trial court misconstrued this document, and erred in holding that the one thousand dollars, for which a note was to be given, was an additional indebtedness to the four thousand and twelve dollars and forty cents.

The infirmity underlying this contention is that there is nothing in this record to show that the court placed such a construction upon the paper. The find-

ing of facts does not bear out this contention nor indicate in any way that the court reached its conclusion that the plaintiff had received advancements to the amount of $5,012.40 by placing such a construction upon this paper. In fact, the only basis for the contention is that by adding the one thousand dollars mentioned in the paper, for which a note was to be given, to the $4,012.40 mentioned therein, makes a total of $5,012.40, which is the exact amount found by the court to have been received by the plaintiff. This is not a sufficient basis upon which to adjudge the trial court guilty of error. Especially is this true when it is observed that the amount the plaintiff admitted in his statement he owed his father, added to the value of the eighty acres of land afterwards deeded to him by his father—estimating such value at twenty dollars an acre, that being the value placed by the plaintiff, in his statement, on the first eighty acres—produces the same result, to-wit, $5,012.40. The trial court may have proceeded upon this basis and not upon the alleged mistaken construction of the memorandum or slip referred to. Inasmuch as this may have been the process employed by the court in reaching its judgment, and inasmuch as there is ample evidence to support the judgment outside of this slip, the action of the court in admitting the slip in evidence, even if it was erroneous, does not constitute reversible error, for the case was not tried by a jury whom it might be argued were influenced by the testimony claimed to be improperly in the case.

It is further contended that as it is always a question of intention whether money or property that a parent has turned over to a child was a gift or an advancement (Ray v. Loper, 65 Mo. 473, Ladd v. Stephens, 147 Mo. l. c. 334); and that inasmuch as the deed to the land recites a money consideration and there is no evidence showing that the plaintiff did not pay to his father the consideration mentioned in the deed, it must be conclusively taken as the established fact that the second eighty acres was a purchase and not an advancement.

Two very conclusive answers to this contention are afforded by the record: first, the deed covers not only the second eighty but also the eighty and the fourteen acres mentioned in the plaintiff's memorandum or statement of his indebtedness to his father, and the consideration expressed in the deed is $3,354, which is the sum of the $1,600 and the $154 mentioned in the plaintiff's statement and the value of the second eighty, at twenty dollars an acre. It is admitted by all parties that the plaintiff never purchased and paid for the first eighty and the fourteen acres, but that his father built a house on them for the plaintiff and gave the land to him, and there is evidence to the effect that his father did not give him a deed to the land at that time because he said he might give him another eighty later, which he afterwards did and which made the land given to the plaintiff fourteen acres more than that given to his brother William.

It is a fair deduction from these facts and circumstances that as the plaintiff never paid for the first eighty and the fourteen acres, he did not pay for the last eighty either. This is at least enough to raise a doubt as to the verity of the recital in the deed that the plaintiff paid thirty-three hundred and fifty-four dollars for the one hundred and seventy-four acres, and likewise enough to impair the presumption arising from that recital in the deed that he paid anything for the second eighty. But in addition to this there is not only a total absence of any evidence in this record, outside of the recital in the deed, tending to show that the plaintiff ever paid his father anything, at any time, for any purpose, but on the contrary the evidence, taken as a whole, compels the conviction that no part of the consideration mentioned in the deed was paid in cash or its equivalent, but that it was all an advancement by the father to the son. There is no room for the contention that the father ever intended anything he gave his children to be a gift, but on the contrary it is clear, even from the testimony of the plaintiff's witnesses, that the father kept strict accounts

of all sums or things given to his children, and intended to charge them as advancements. This is made certain, by the testimony of Mr. Bingham, to the effect that when the father went to him to get him to write his will, he canvassed with him the condition of his estate, and the advancements he had made to his children, and said that some of them were entitled to some credits, and that he would have to go home and get his books and do some figuring before he could make his will. This conduct is wholly inconsistent with the theory that he intended whatever he gave his children as gifts and not as advancements.

It is argued further that the plaintiff had a lot of hogs and cattle, of the value of eight or nine hundred dollars, which he left on his father's place when he went away from home, and which his father sold and got the money for, and that the plaintiff furnished materials and did work, in repairing his father's house and barn, amounting to two hundred and fifty dollars, and that the trial court erred in not deducting these sums from the advancements he received.

Three effective obstacles to the success of this contention in this court, are presented by the record: First. There is a sharp conflict in the testimony as to whether the plaintiff owned any such hogs or cattle or whether they did not belong to the father. Moreover, there is evidence to the effect that when the plaintiff left the farm he was not of age and had no property, and that the work he did, if indeed he did any, about repairing the house and barn, was done while he was a minor, living at home with his father and being supported by him. Second. All these matters occurred in 1879, and as they were not specifically claimed as credits by the plaintiff in his written settlement with his father on December 9, 1882, they must be construed to have been taken into account when that settlement was made and are concluded by that settlement, and the plaintiff can not be heard now to assert such claims. Third. There is nothing shown by this record that the

trial court failed to take these matters into account in reaching its conclusion.

These matters have been set forth *in extenso* for the double purpose of illustrating the wisdom of the rule of practice that this court will not disturb the judgment of the trial court on matters of fact where there is any substantial evidence to support it, and of showing that the judgment of the trial court is for the right party and that there are no errors in the record which materially affect the appellant's rights, and therefore under the statute (R. S. 1899, sec. 865), it is the duty of this court to affirm the judgment.

The judgment is affirmed.    All concur.