IDA E. PILKINGTON, Appellant, v. MARTHA J. WHEAT and CLAUDE R. WHEAT.—51 S. W. (2d) 42.

Division Two, June 10, 1932.

768

*A. H. Buchanan* for appellant.

*J. E. Haymes* for respondent.

FITZSIMMONS, C.—This appeal presents for our decision the question whether certain land which a son owned at the time of his father's death should be treated as an advancement in a suit for partition. All the land involved is situated in Webster County.

Appellant, Ida E. Pilkington (plaintiff below) is the daughter of James J. Wheat who died intestate May 15, 1929. Respondents Martha J. Wheat and Claude R. Wheat respectively are the widow and son of James J. Wheat. The first count of the petition prayed for partition between the son and daughter subject to the widow's homestead and dower rights of one hundred and sixty acres (160) of farm land and two town lots in Seymour, which James J. Wheat owned at the time of his death. Respondents by their pleadings conceded the right of partition of this land. The controversy is over eighty (80) acres described in the second count. James J.

Wheat, by a warranty deed (in which his wife joined) dated January 12, 1923, conveyed their eighty (80) acre tract to his wife, Martha J. Wheat and to their son Claude R. Wheat jointly. Mrs. Wheat, by warranty deed dated March 3, 1923, conveyed to the son, Claude R., all the interest in the eighty (80) acres which she had derived from the deed of her husband to herself and their son. The consideration named in both of these deeds was $1,000. Appellant, in the second count of her petition, alleged that no consideration was paid or passed for these deeds, and that their purpose was to convey the land to the son, Claude R. Wheat, as an advancement by his father and as part of his father's estate. Appellant prayed that these eighty acres be declared a part of the estate of James J. Wheat at the time of his death and that they be brought into hotchpot for partition with the other lands and property of the deceased. The trial court by its judgment ordered partition of the one hundred and sixty (160) acres in the first count between appellant and respondent Claude R. Wheat, after dower and homestead of respondent Martha J. Wheat had been set out. But the judgment expressly found that the eighty acres described in the second count were not an advancement to respondent Claude R. Wheat and partition was denied. From this judgment appellant took an appeal which was granted to the Springfield Court of Appeals. The latter court transferred the cause to this court for the reason that an action for partition in which the plaintiff's title is denied involves title to real estate.

Appellant, on her own behalf, testified that she did not know until after her father's death that her brother held title to the eighty (80) acre tract upon which he had been living for seven years. She conferred with her brother twice within a few weeks after the death of the father about the division of the land. Appellant wanted one-half of all the land including both that which her father owned at the time of his death and that which her brother had acquired prior to the father's death. But respondent, Claude, was unwilling to divide on this basis. He wished to retain the eighty (80) acres which had been deeded to him and to give her her choice in the division of the land which the father owned at the time of his death. The only evidence offered by appellant tending to support her claim that their father gave the eighty (80) acres to her brother Claude as an advancement was her own testimony of what Claude said in one of their conversations. The testimony was as follows: "About a month after my father's death I had a conversation with my brother and mother at my place in regard to the eighty acres of land in suit in which he said my father had given him his part alright, but he didn't think it was fair, he was willing for it to go in as his part; and he also said he had a deed to that, but he didn't think it was fair, that he had given it to him but he wanted it to go in as his part." Claude denied these statements of his sister. He tes-

tified that, because he already had the eighty-acre tract, he expressed a willingness to divide the one hundred and sixty acres which his father had left by letting his sister have the home eighty acres worth about $1,500 and taking for himself the other eighty, a pasture tract worth about $1,000. To this his sister would not agree. Appellant also testified that "he (their father) always told us he wanted to treat his children alike, not to be partial with his children. He wanted them to both share alike in what he had." Appellant's daughter and husband gave testimony tending to support her version of her conversations with her brother Claude looking to a voluntary division of the land. Mrs. Martha Wheat, mother of appellant and of respondent Claude, confirmed Claude's testimony of the conversations. N. H. Pilkington, husband of appellant, testified that he asked Mrs. Wheat what she and her husband did with the thousand dollars which Claude paid for the eighty-acre tract and she answered that Claude did not pay anything for it, that his parents gave it to him. Whether this conversation was in the hearing of Claude does not appear. Pilkington and his wife, the appellant moved to Utah before the elder Wheat in 1923 deeded away the eighty-acre tract in controversy. So it was that Pilkington testified he did not know what arrangements Mr. Wheat had with Claude about giving him the eighty, and did not know why Wheat gave the land to Claude. Respondent, Claude Wheat, testified that when the land was first conveyed to him and his mother, there was no understanding that later his mother should transfer her share to him. That, he said, was arranged later between him and his mother. He was married about the time of the conveyance and he moved on to the land when the first deed was made in January, 1923. He lived on it ever after. He paid the taxes, built a house, barn, henhouse and smoke house, cleared about twenty-five acres and put out a peach orchard.

■ ■ ■ Appellant says the trial court erred in not holding that the eighty-acre tract described in the second count was an advancement, and in not requiring respondent, Claude Wheat, to bring it into hotchpot. She argues that land, deeded by a father to a child, without a valuable consideration passing, is presumed to be an advancement, absent evidence that it was a gift. There is ample authority for this proposition. [Ray v. Loper, 65 Mo. 470, Lisles v. Huffman, 88 Mo. App. 143.] But the presumption that money or property received by a child from a parent is an advancement and not a gift may be overcome by extraneous evidence. [Gunn v. Thruston, 130 Mo. 339, 32 S. W. 654.] Claude Wheat and his sister, Mrs. Pilkington, as heirs, had the right to have a judicial determination of the question whether the property received by Claude should be regarded as

an advancement. [Ladd v. Stephens, 147 Mo. 319, 48 S. W. 915, l. c. 918.] And whether a transaction is a gift or an advancement is always a question of intention. [Dobbins v. Humphreys, 171 Mo. 198, 70 S. W. 815, l. c. 817; Ray v. Loper, 65 Mo. 473; Ladd v. Stephens, 147 Mo. 319, 48 S. W. 915.]

But appellant, Mrs. Pilkington, not only contends that there is in this case the presumption that the land transferred to her brother was an advancement by the father, but that there was no substantial countervailing evidence that it was a gift, and therefore that a proper judgment should be that the transaction about the eighty-acre tract was in law an advancement. In view of the law, the evidence and the deference which we owe to the finding and judgment below, we cannot accept appellant's indication of our path of judicial duty in this case. Rather we feel compelled to travel in the footsteps of the trial court. We shall state our reasons with an eye to brevity.

■ A gift *inter vivos* is a voluntary transfer of property by the owner to another, without any consideration or compensation as an incentive or motive for the transaction. Popularly speaking, the thing given is called a gift. Gifts and advancements are sometimes used interchangeably as indicating the same transaction. Yet, while an advancement is always a gift, a gift is by no means always an advancement. [Thornton's Treatise on the Law of Gifts and Advancements, p. 1.] ■ An advancement is a free and irrevocable gift by a parent in his lifetime to his child or to a person standing in place of such child, on account of such child or person's share of the donor's estate which he will receive under the statute of descent if the parent or donor die intestate. [Thornton, p. 510.]

The doctrine of advancement is founded wholly on statute. [Estate of William G. Williams, 62 Mo. App. 339, l. c. 349; Turpin v. Turpin, 88 Mo. 337.] And the applicable Missouri statute is Section 311, Revised Statutes 1929, which is as follows: "When any of the children of the intestate shall have received, in his lifetime, any real or personal estate, by way of advancement, shall choose to come into partition with the other parceners, such advancement shall be brought into hotchpot with the estate descended."

■ The fact that the father, James J. Wheat, on January 12, 1923, transferred by warranty deed the eighty acres in controversy, not to his son, Claude, but to his wife Martha J. and to Claude, is sufficient in the absence of evidence of what were the grantor's intentions to support the finding by the trial court that the transfer was not in fact an advancement. Conceding appellant's point that Wheat, the father, by his deed conveying the land to "Claude J. Wheat and Martha J. Wheat his mother jointly," did not create a joint tenancy in the grantees but a tenancy in common, yet such a deed cannot be said to be evidence of an advancement so potent that the trial

court observing the presumption raised could not find to the contrary upon the record made. And it is worthy of note that appellant, by her action, seeks to require respondent Claude Wheat to bring into hotchpot not only the estate in the land which he received under the deed of his father in January, 1923, but the additional estate with which he was vested by the deed of his mother, his cotenant, in March, 1923.

■■ While appellant takes it for granted that the sole issue was whether the transfer by the father to the son was a gift or an advancement, we do not so read the record. The original deed of Wheat to his wife and son recited a paid consideration of $1,000. Where the deed recites a consideration paid, as in this case, the burden to prove the conveyance an advancement is upon the person claiming the transaction to be such. [Lynch v. Culver, 260 Mo. 495, 168 S. W. 1138; Thornton on Gifts and Advancements, section 557; Woerner's American Law of Administration (3 Ed.) sec. 555.] It is true that appellant testified to admissions of respondent Claude that the father had given the land to him. But Claude denied his sister's version of these conversations. It is also true that Mr. Pilkington testified that Mrs. Wheat said the parents gave the land to Claude. But this declaration of Mrs. Wheat was not admissible against Claude. Subsequent statements by Mr. Wheat, the father to third persons that he intended the transfer of the land to the son Claude to operate as an outright gift and not as an advancement would have been admissible as declarations against the interest of the estate of Mr. Wheat. But statements of Mr. Wheat to third persons that the transaction was an advancement would have been self-serving and inadmissible. [Gunn v. Thruston, 130 Mo. 339, l. c. 345 et seq., 32 S. W. 654.] No declarations of Mr. Wheat of either class are in the record. Inference may be drawn from Claude's testimony that the conveyance of the land to him was in fact without a valuable consideration paid. But the inferences are too weak to destroy the presumption arising from the recital in the deed of a paid consideration.

We are of opinion that the judgment of the trial court should be affirmed and it is so ordered. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All of the judges concur.