Nelson v. Nelson.

NELSON, *Appellant*, v. NELSON, *Administrator.*

1. **Practice**: ADVANCEMENT : EVIDENCE.  In the absence of a statute in this state, prescribing by what evidence an advancement to a child shall be proved, the proof may be made by contemporaneous memoranda, charges in the form of accounts, or by parol evidence.

2. ———: ———: ———: BOOK ACCOUNTS.  Book accounts are admissible in favor of the party who kept them only when the entries were made contemporaneously with the transactions recorded, and this rule applies to the books and entries of deceased persons and accounts offered in favor of an intestate to show an advancement to a child.

3. ———: ———: ———: VERBAL DECLARATIONS.  Subsequent verbal declarations, made by the father to the child to whom the advancement is claimed to have been made, and not at the time controverted by the latter, may be given in evidence ; but *verbal declarations* by the parent to third persons that he had made an advancement to the child are incompetent when offered in the interest of the estate ; and subsequent memoranda and book accounts stand on no better foundation.

4. ———: ———: ———.  Where the accounts or declarations are offered against the interest of the declarant, it is immaterial when the entries were made or the words spoken.

*Appeal from Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED.

*Frank P. Hall* for appellant.

The greatest mistake made by the court below was in allowing the introduction of the memorandum book as evidence.  It is admitted that the account books of deceased persons are admissible upon certain conditions to prove matters of debit and credit therein.  But (1) they must be books of original entry.  (2) The accounts must

have been kept in the regular course of business and be regular upon their face. The entries must be made at or near the time of each particular transaction. See notes to case of *Union Bank v. Knapp*, 15 American Decisions, 191 to 198; *Cummings v. Nichols*, 13 N. H. 420. An interval of one day between the time of making the entry in the book and date of transaction upon which the entry was based was held fatal in case oi *Walter v. Bollman*, 8 Watts, 544. *Cook v. Ashmead*, 2 Mills, 268; *Koch v. Howell*, 6 W. & S. 350. The book in question is wanting in all these essentials. It was irregular upon its face, incompetent, and should have been excluded as evidence, as asked by appellant.

*L. F. Cottey* for respondent.

The account book kept by Robt. Nelson in his lifetime was properly admitted in evidence for the purpose of showing the account charged against Wm. H. Nelson, and as to other heirs to show his manner of doing business, and that he kept accounts against them as well as against his son, William H. This book was in the handwriting of Robert Nelson, and was the only book kept by him. John R. Nelson says: "The account book which has just been read in evidence is in the handwriting of my father, Robert Nelson. I know it is the identical book kept by him in his lifetime in which are recorded the advancements of money and property to each of his children." When the books produced were proven to be the "only books" of the deceased, such proof was held equivalent, in *Patrick v. Jack*, 82 Ill. 81, to prove that they were books of original entry, the court saying per Judge Scott: "The controversy has relation to mutual accounts between defendant and plaintiff's intestate. The court before whom the trial was had examined the books kept by defendant and decedent, and found a small balance due defendant, and with that conclusion

we see no reason to be dissatisfied." While the evidence as to the books kept by decedent is not, perhaps, as full as the statute, if construed strictly, would seem to require, we think the proof is sufficient to warrant the action of the court in submitting them in evidence. It is shown they were the books of decedent, and the " only books " kept by him. That is equivalent to proof that they were books of " original entry." Evidence that they were the "only books" kept by deceased in his business, is sufficient proof of that fact. Any other conclusion would be an absurdity. It is also proven that settlements had been made by them with numerous persons, and the books had been found correct. That is the substance of what the statute requires to make the books complete evidence. But in addition to all this proof, it further appears, when the books were shown to defendant by plaintiff, before any contention arose between the parties, he made no objection to them. When all the evidence is considered together, it is sufficient to justify the action of the court in admitting the books in evidence. *Ray v. Loper*, 65 Mo. 470.

BLACK, J.—The respondent, as the administrator of the estate of Robt. Nelson, made final settlement, and at the same time filed in the probate court a motion for an order of distribution. The motion states the amount of money in his hands, that each of the six heirs of the intestate had received advancements from their father, and gives a detailed account of the amounts advanced to each child the appellant being charged with fourteen items. The probate court made an order of distribution charging the appellant with all of the items presented against him by the administrator, which was affirmed on a trial anew in the circuit court. Three only of the fourteen items are controverted by appellant. The administrator read in evidence, over the objections of appellant, an account or memorandum book, which, it is admitted, is in the hand-

writing of the intestate, and in which the three items are set down as follows :

"December 2, 1872. William H. Nelson charged with $240.00, being for S. W. ¼ of S. W. ¼ S. 33, T. 60, R. 10. December, 1859. To one note of hand bearing same date, amount fifty dollars.

"December, 1874. To sundry tax receipts, amounting in all to $161.22."

We have in this state no statute which determines by what evidence an advancement made to a child shall be proved, as seems to be the case in some of the states, and hence the proof may be made by contemporaneous memoranda, charges in the form of accounts, or by parol evidence. The first item in the account before us, which is the one for the land, appears under date of December, 1872, and is followed by two other items under date of April and December, 1854. Again, another of date October, 1857, is followed by one of date December, 1854, and again, one of date January, 1872, is followed by one of date in 1857. From the face of the accounts many of the items must have been entered long after the transactions occurred. The other evidence furnishes no explanation ; on the contrary the administrator testified that the land mentioned in the first disputed item was deeded to William in 1857, and that he could not explain why the charge for it was not made at that time instead of fifteen years thereafter. Book accounts are admissible in the party's favor who kept them only when the entries were made contemporaneous with the transaction recorded. Grlf. Ev. [13 Ed.] sec. 118. The same rule applies to the books and entries of deceased persons. Whart. Evid., secs. 246, 688. Subsequent verbal declarations made by the father to the child, claimed to have been advanced, and not by the latter at the time controverted, may be offered in evidence ; but verbal declarations by

a parent to third persons that he had advanced the child, are incompetent when offered in the interest of the estate. *Ray v. Loper*, 65 Mo. 470. Subsequent memoranda and book accounts stand on no better foundation. Of course, the parent can, at any time, charge the child, by will, executed in accordance with the statute, with moneys as advancements, but that is not the case here. Nor do we apply the foregoing rules where the accounts, or declarations are offered against the interest of the declarant, for then it is immaterial when the entries were made or the words spoken. On this ground, where a conveyance has been made by the father to a child, the father's subsequent declarations may be received to show that the conveyance was not an advancement, but an out and out gift. *Phillips v. Chappell*, 16 Ga. 16; *Johnson v. Beldon*, 20 Conn. 322.

But in this case the accounts were evidently offered in the interest of the intestate, and for the reasons before stated should have been excluded, except as to such entries as are shown to have been made contemporaneous with the fact recorded. It may be stated that, aside from the book, there is abundant evidence to warrant the finding of the court as to the charges for the land and note, but without the book account there is no evidence whatever as to the amount charged because of tax receipts.

The judgment is reversed and the cause remanded. All concur.