McDonald v. McDonald.

JAMES H. McDONALD et al., Respondents, v. SARAH E. McDONALD et al., Appellants.

**Kansas City Court of Appeals, December 3, 1900.**

1. **Descents and Distributions:** ADVANCEMENT: GIFTS: PRE-SUMPTION: EVIDENCE. When property is given to a child the presumption (nothing further appearing) is that it is to be accounted for in final distribution and is an advancement and not a gift; but it will yield to the intention of the parent whose declarations made at the time or subsequently to his children or others are admissible as bearing on his intention.

2. ——: ——: ——: BURDEN OF PROOF. The burden of proof is to overcome the presumption of an advancement and show a gift.

3. ——: ——: ——: EVIDENCE. Written memorandum made by the ancestor may be received in proof of an advancement but it must be contemporaneous, since an original gift can only be changed into an advancement by a will.

4. ——: ——: ——: ——. In determining whether a transaction was a gift or an advancement, the attendant circumstances including the nature of the gift and the financial condition of the parent should be considered.

Appeal from the Ray Circuit Court.—*Hon. E. J. Broaddus,* Judge.

REVERSED AND REMANDED.

*James L. Farris, Jr.,* and *Chas. A. Loomis* for appellants.

(1) Where any of the children of an intestate shall have received in his lifetime any real or personal property, the law presumes it to have been an advancement, and will so treat it

McDonald v. McDonald.

unless it affirmatively appears, by affirmative evidence that it was not intended as an advancement at the time the gift was made by the intestate. R. S. 1899, secs. 2913, 2914; Gunn v. Thruston, 130 Mo. 339 loc. cit. 345; Trust Co. v. Rudolph, 136 Mo. 169; Ray v. Loper, 65 Mo. 470; Phillips v. Phillips, 58 N. W. Rep. 879; Grattan v. Grattan, 185 Ill. 167; s. c., 65 Am. Dec. 726; Patterson's App., 128 Pa. St. 269; Miller's App., n., 80 Am. Dec. 562, citing a long list of authorities. (2) A verbal conveyance or transfer of property without consideration from a parent to a child is presumed to be an advancement and this presumption is not rebutted by proof that the grantor never spoke of it except as a gift. All advancements are gifts. But all gifts may or may not be advancements. Phillips v. Phillips, 58 N. W. Rep. 879. (3) Verbal declarations of the intestate to and in the presence of his children having received an advancement, and not denied by the children, are admissible. Verbal admissions by the children having received the advancement, of the fact that they had received the property advanced is competent, and is sufficient to establish the fact, and raise the presumption of an advancement, which arises from the fact of having received the property. Miller's App., 80 Am. Dec. 562. (4) The written statement left by the deceased is competent evidence, at least so much of it as appears to have been written contemporaneously with the facts therein mentioned, and the gifts therein described. Miller's App., 80 Am. Dec., n. 563; Nelson v. Nelson, 90 Mo. 460.

*Lavelock & Kirkpatrick* for respondents.

(1) A gift of personal property by a parent to a child, to constitute an advancement, must be made in anticipation of inheritance, i. e., in full or in part of the future share of

such child in the parent's estate. The intention to charge the gift as an advancement must exist when the property is delivered, or it will not be an advancement; and, as to whether a gift should be charged as an advancement is always a question of the intention of the donor at the time of making the gift. Anderson's Law Dic., p. 38; 1 Am. and Eng. Ency. of Law (2 Ed.), p. 775; Thornton on Gifts and Advan., secs. 525, 537, 580; 2 Woerner's Am. Law of Adm. (2 Ed.), sec. 555; In re Estate of Williams, 62 Mo. App. 347. (2) The written memorandum offered in evidence by defendants was inadmissible for any purpose, for the reason (a) the entries thereon were very irregular, and (b) the entries were not made contemporaneous with the transactions recorded. 1 Greenl. on Evid. (15 Ed.), secs. 117, 118; 2 Wharton on Evid. (2 Ed.), secs. 246, 688; 2 Rice on Evid., pp. 825, 826; Thornton on Gifts and Advan., sec. 592, p. 582; Nelson v. Nelson, 90 Mo. 463, 464. (3) The declarations or statements made by Absolom McDonald to third parties, subsequent to the making of the gifts, were incompetent to constitute such gifts advancements. Abbott's Trial Evid., p. 155; Thornton on Gifts and Advanc., secs. 581, 584; Ray v. Loper, 65 Mo. 473; Nelson v. Nelson, 90 Mo. 463, 464; Frey v. Hydt, 116 Pa. St. 601. (4) The conversations proven were insufficient to establish the fact of advancements. 1 Greenl. on Evid. (15 Ed.), secs. 200, 201; 1 Am. and Eng. Ency. of Law (2 Ed.), p. 780; Thornton on Gifts and Advanc., sec. 521; 2 Woerner's Am. Law of Adm. (2 Ed.), sec. 556. (5) The presumption in favor of advancements does not obtain under the facts of this case. 2 Williams on Executors (4 Am. Ed.), sec. 1291; Thornton on Gifts and Advanc., secs. 563, 568; 1 Am. and Eng. Ency. of Law (2 Ed.), p. 767; Mitchell v. Mitchell, 8 Ala. 414.

ELLISON, J.—This action is for partition between

heirs. The answer brought a question of advancement to a part of the children into the case. It was tried by the court and we have only the rulings made on the testimony admitted and excluded and the judgment to inform us of the trial court's theory. The judgment was for plaintiffs and against the advancements set up in the answer.

It appears that the father had been married three times, leaving children by his first and third marriage. That many years before his death he delivered different articles of personal property to his older children, mainly a horse, cow and a few hogs to each. The question tried was whether these were gifts or advancements. Much of the matter discussed by counsel in their briefs and oral argument has been determined by the supreme court of Missouri and our labor and the difficulty of decision have therefore been greatly lessened.

The law assumes that a father desires that his children shall share his property equally and, therefore, it is presumed (nothing more appearing) that when property is given to a child it is to be accounted for in the final distribution and is, therefore, an advancement. Gunn v. Thruston, 130 Mo. 339. But the matter is, in fact, a question of *intention* and if proper evidence, direct or circumstantial, shows an intention to make it a gift it will overcome the presumption of advancement and the law will adjudge the property to be a gift and not require an accounting by the donee. Gunn v. Thruston, *supra*. On the question of intention the declarations of the ancester to third parties are admissible which go to show that it was a gift, for such declarations are looked upon as admissions against the declarant's interest—that is, against his estate, for it lessens the value of the estate to descend to his chi'lren and is, therefore, against his interest. But such declarations going to show the property was intended as an advancement are not admissible, since they are

considered in the interest of the declarant, as, in effect, augmenting the estate. Gunn v. Thruston, *supra*. Declarations made at the time of the act of transferring the property are verbal acts—a part of the *res gesta* and are admissible. Gunn v. Thruston, *supra;* Nelson v. Nelson, 90 Mo. 463. So a declaration by the father to the children, or in their presence, that property which he had given them was an advancement to be accounted for and not denied by them 'is evidence tending to show an intention. Nelson v. Nelson, 90 Mo. 460.

The evidence bearing on the question whether the property received by the older children was a gift or an advancement is very unsatisfactory and indefinite. No declarations of either party *at the time* are shown. Most of the testimony is in reference to matter not in dispute or called in question, viz., that the older children did receive from the father many years before his death and at about the time of their marriage certain articles of personal property. But whether this was delivered to them by the father as a gift or an advancement can not be ascertained by the record. There is some evidence which has a tendency to show a gift and other evidence tending to show an intention to make an advancement. We have gone over the record carefully and find that it does not appear to have been made out that the property received of the father was a gift. In other words, the legal presumption that it was an advancement has not been overcome.

In our opinion, the burden is on defendants to overcome the presumption of advancement which the mere fact of the transfer of the property to the children establishes. The remarks of the supreme court in St. Louis Trust Co. v. Rudolph, 136 Mo. 173, justify this conclusion. Counsel argue that there was no proof of an advancement. But what

McDonald v. McDonald.

should be first considered is, was there proof of a *gift?* There need not be proof, in the first instance, that the property was an advancement, for that, as we have seen, will be presumed. We therefore hold that on the record, as presented, the plaintiffs failed to make out the transactions to be gifts and hence the judgment should be reversed and the cause remanded to the end that the question may be retried.

A paper was offered in evidence for the purpose of showing that the father intended the property as an advancement and so charged it in the paper. It was an itemized account of the articles given and declared that they should be charged to the children named. The court excluded it and, we think, properly. It shows on its face that it was not a contemporaneous entry. Some of the matters entered appear to have transpired many years prior to the entries, while none appear to be of the date of the transaction though possibly some are in the same year. Written entries or memoranda made by the ancestor may be received in proof of an advancement. But they must be contemporaneous. Nelson v. Nelson, 90 Mo. 460. But it is said that the paper should have been received in evidence as tending to show the father's intention to make an advancement. It might show what his intention was at the time he made the paper, but if that be true it would be noneffective, since if the property was originally a gift, it can not afterwards be changed by the ancester to an advancement save by a will. Thornton on Gifts and Advancements, sec. 537.

As before intimated, circumstances will have probative force and are often of great aid, in the absence of direct evidence, in determining the question of the intention of the parent. If the gift is of small or slight consequence the inclination would be to consider it as simply a gift and not

an advancement.   Much could be inferred from the nature of the property and the financial condition of the parent. The gift of a horse or a cow by an opulent parent would not be so persuasive of an advancement as if the parent was poor.   And while we have said that a transfer and delivery of property from parent to child is presumed to be an advancement, yet a mere trifling sum or present would not be so considered, for the inconsequence of the matter would, on its face, rebut the presumption.

Reversed and remanded.   All concur.