W. H. WADDELL et al., Respondents, v. RICHARD WADDELL, Appellant.

### St. Louis Court of Appeals, February 12, 1901.

1. **Advancement of Share in Estate: BURDEN OF PROOF: EVIDENCE.** Prima facie a child is entitled to his full share of the estate left by the father at his death, and the burden of proving that a portion thereof had been received in anticipation in the way of advancement, before the death of the parent, rests upon the party denying his right to a full share of his father's estate.

2. ———: ———: ———: VERBAL DECLARATIONS OF PARENT, EFFECT OF. And verbal declarations of the parent to third parties that he had made advancements to any child—not uttered in the presence of such child—are incompetent when offered in the interest of the decedent, or his other heirs, to charge the child specified, or diminish his right to a full share in the estate of a common ancestor.

3. ———: ———: ———. But the declarations of the parent that he had not advanced anything to a particular child are competent in favor of such child.

Waddell v. Waddell.

Appeal from Pike Circuit Court.—*Hon. Reuben F. Roy,* Judge.

REVERSED AND REMANDED.

STATEMENT OF THE CASE BY THE COURT.

This is a statutory action for the partition of the real estate of George R. Waddell among his thirteen children and the heirs of such as are dead, and for an accounting of the advancement made to the several co-parceners. There was a sale of the land for division and an order of distribution of the net proceeds thereof, to-wit, $4,583.82, by bringing into hotch potch therewith several amounts advanced to his children by the intestate. In computing this the court charged one of the children, Dick Waddell, with the sum of $1,000 as a contribution to the fund to be divided. He alone appealed from the judgment and assigns for error that there was no substantial evidence to support the finding of an advancement to him during his father's lifetime.

*Ball & Sparrow* for appellant.

*N. W. Morrow* and *Pearson & Pearson* for respondents.

BOND, J.—The point saved for review presents only the question of the sufficiency of the evidence to support the finding of an advancement of $1,000 to appellant. The only witnesses whose testimony bears on this point were appellant, his brother-in-law John Cash, and W. G. Tinsley. The appellant stated in substance that he was twenty-six years old and had lived on his father's place since his majority, under an agreement to do the farm work, in conjunction with a farmhand hired by his father, in consideration of one-half of the proceeds and increase of the live-stock on said farm during his services thereon; that

the total amount thus divided, up to the death of his father, did not exceed $500; that his father was about eighty years of age at the time of his death and for the few years preceding that event, during which plaintiff managed the farm, was infirm and incapable of active labor.

Mr. Cash testified that he married one of the daughters of the deceased and lived about three miles from his farm; that in a general way he was acquainted with the livestock on said farm and thought there were times when the total amount of it in value would range from $2,000 to $3,000. On cross-examination he stated that he knew the deceased had kept about thirty head of horses for a number of years, but had greatly reduced this number before his death; that he supposed appellant who lived upon the place would have a better knowledge of what was there than that possessed by himself; that he did not have an accurate knowledge either of the amount or value of the stock kept on the farm during the time appellant lived there.

Mr. Tinsley, the banker, who kept the strong-box containing the papers of the decedent and had a key to the same, testified to conversations between himself and the decedent with reference to what the latter had advanced to his children and particularly in a conversation a few months before the death of the deceased the latter had stated to him (Tinsley), that he, the deceased, had *not* given Dick Waddell and one of his sisters (Miss Esther), any advancement and wanted them to equal the others in that respect.

Prima facie Dick Waddell was entitled as one of the children of his father to a full share of the estate left by the father at his death. The burden of proving that a portion thereof had been received in anticipation in the way of advancement before the death of the parent rests, therefore, upon the party denying his right to a full share of his father's estate.

Verbal declarations of the parent to third parties that he had made advancement to any child—not uttered in the presence of such child—are incompetent when offered in the interest of the estate of the decedent, or his other heirs, to charge the child specified or diminish his right to a full share in the estate of a common ancestor. But declarations of the parent that he had not advanced anything to a particular child are competent in favor of such child on the ground that they were uttered against the interest of the declarent or his estate. Nelson v. Nelson, 90 Mo. loc. cit. 464, and cases cited. The testimony of Tinsley in this case was, therefore, a legitimate method of disproof of any advancement to Dick Waddell by his father. It was wholly uncontradicted by proof of any counter-statement of the deceased's in the presence of appellant. The court seems, however, to have ignored entirely the probative effect of this evidence. In so doing it necessarily rested its finding upon the testimony of appellant or John Cash. If appellant's testimony is susceptible of the inference of an admission on his part of any advancement, it could not exceed the sum of $250, which appellant says was received by him as one-half of the proceeds of the farm; but the natural significance of the testimony of appellant does not warrant the deduction of the advancement, even of that sum to him, for he distinctly stated that the sum received by him was in payment of his personal labor and services upon the farm and his assistance in its management for several years before the death of his father. It is clear, therefore, that the court could not validly find that appellant was chargeable with an advancement of $1,000 upon the basis of the evidence given by appellant on his own behalf.

It remains, therefore, to consider the sufficiency of the testimony of Mr. Cash to support the finding. This witness did not pretend to deny the statement of appellant that he was

employed to render certain services on the farm in consideration of one-half of its proceeds. All the witness did was to make a rough estimate of the livestock which he had seen at times about the farm. He expressly disclaims any approach to accuracy in giving his opinion on this subject, nor did he pretend to state that appellant had received any specified portion of the stock in question or had sold the same and appropriated any part of the proceeds. Clearly this witness testified to nothing which would warrant the charging of $1,000 against appellant as an advancement in the life-time of his father. It may be on another trial that the parties will be able to make clearer and more definite proof as to what was received by appellant from his father in anticipation of his future interest as heir and also as to the motive and intent of the father in his transactions with appellant, whether it was to pay him for services rendered or to bestow in advance upon him a part of what he might thereafter be entitled to receive after the death of the father. It must be kept in mind on a new trial that declarations of the father on this subject, to be competent against appellant, must be shown to have been made in his presence and not to have been controverted at the time they were made. Nelson v. Nelson, supra. The judgment herein is reversed and the cause remanded. All concur.