STRODE, Admr. Estate of HARRIS, Appellant, v.
BEALL, Respondent.

St. Louis Court of Appeals, March 15, 1904.

1. **ADVANCEMENT: Declarations of Testator.** Where a parent takes a promissory note payable to himself from his child, his declarations at the time of the transaction, or subsequent thereto, are admissible for the purpose of showing that the note was taken as a mere memorandum of an advancement.

2. ————: ————. A testator provided in a clause of his will that he made no charge for advancements unless a memorandum to that effect be found; he left notes signed by a son-in-law, payable to himself, which he had negotiated, giving the son-in-law the proceeds; and afterwards had taken up, and a memorandum was found among his papers, in which he stated that the notes should be charged to the maker's wife, testator's daughter, as an advancement. *Held*, the notes were receipts for advancements.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss*, Judge.

AFFIRMED.

*Rassieur & Rassieur* and *Arthur E. Kammerer* for appellant.

(1) Paragraph 14 of the testator's will, regarding advancements, can have no reference to the indebtedness of respondent on the notes in suit. (a) An advancement, in administration law, is a gift from a parent to a child, by anticipation of the whole or a part of what such child would inherit upon the death of the parent intestate. Bouvier's Law Dict.; 1 Am. & Eng. Ency. (2 Ed.), 760; 2 Woerner Admin. (2 Ed.), sec. 552; Thornton Gifts and Advancements, sec. 525-42. (b) The term advancement is understood to mean property

given to a child by a parent or one *in loco parentis;* the term has no application to the relation of debtor and creditor. Est. of Williams, 62 Mo. App. 339, 347; Dawson v. Macknet, 42 N. J. Eq. 633; West v. Bolton, 23 Ga. 531. (c) Where a parent makes a loan to a child and takes a note for its repayment, with or without interest, it is prima facie a debt and not an advancement. High's App., 2 Pa. St. 283; Mann v. Mann, 12 Heisk. 245. (d) There is no presumption of of an advancement to the daughter where the father loans money to her husband and takes his note therefor; the obligation is his alone. Rains v. Hays, 6 Lea 303. (2) The memoranda, taken as signed declarations of the deceased, can not be construed as evidencing a gift to respondent or as a forgiveness of his liability on the notes in suit: (a) There was no consideration for the release. (b) There was no delivery to respondent. (c) It does not appear from the memoranda that it was the intention of the deceased to release respondent from his liability. Brunn v. Schuett, 59 Wis. 260; Justice v. Justice, 18 Atl. 674; Robson v. Jones, 3 Del. Ch. 51; Richardson v. Clow, 8 Ill. App. 91; Snowden v. Reid, 67 Md. 130; Gregg's Est., 11 N. Y. Misc. 153; Gray v. Barton, 55 N. Y. 68; In re Campbell's Est., 7 Pa. St. 100; Young v. Power, 41 Miss. 197; Chester v. Urwick, 23 Beav. 404.

*R. P. & C. B. Williams* for respondent.

(1) The payment of the husband's debts by his father-in-law held an advancement to the wife. Haylar v. McCombs, 66 N. C. 354; Peale v. Thurmond, 77 Va. 753; McDearman v. Hadnett, 83 Va. 284; Gaston's Admr. v. Robards, 9 Ky. 722. (2) A gift of personal property to the son-in-law is prima facie an advancement to the daughter. Bridges v. Hutchins, 11 Red. (N. C.) 68; Rains v. Hays, 6 Lea (Tenn.) 303. (3)

The memoranda in question are admissions or declarations against interest of the deceased that the money advanced to the son-in-law, and represented by the notes, was intended as an advancement or gift to the daughter. Nelson v. Nelson, 90 Mo. 460; McDonald v. McDonald, 86 Mo. App. 122; Gunn v. Thurston, 130 Mo. 339. (4) Subsequent, as well as contemporaneous, memoranda and declarations are admissible to show advancement, when offered against the interest of the deceased. In re Murray's Est., 2 Chest. Co. Rep. (Pa.) 300. (5) It may be shown that notes were given simply as memoranda of advancements, or gifts, and not as evidence of a debt; and this may be shown by the declarations or admissions of the deceased. Peabody v. Peabody, 59 Ind. 556; Vaden v. Hance, 1 Head. (Tenn.) 300; Johnson v. Ghast, 11 Neb. 414; Brook v. Latimer, 44 Kan. 431. (6) Admissions against interest apply to memoranda and book entries as well as to oral and written statements. Gubernator v. Rettallack, 86 Mo. App. 184.

STATEMENT.

John T. Harris died testate at Harrisonburg, Virginia, October 15, 1899. Among his effects were found the following promissory notes:

"$130.          Philadelphia, Pa., March 7, 1899.

"Four months after date I promise to pay to the order of John T. Harris, one hundred and thirty dollars, at First National Bank of Harrisonburg, Va., without defalcation for value received.

"JNO. M. BEALL.

"$330.          Philadelphia, Pa., Jan. 7, 1899.

"Four months after date I promise to pay to the order of John T. Harris, three hundred and thirty dollars at the First National Bank of Harrisonburg, Va., without defalcation for value received.

"No. — — —.    Due — — —.

"Jno. M. Beall,
"828 Chestnut Street, Phil."

The maker of the notes is the husband of Jennie O.
Harris, a daughter of John T. Harris, and resides in
the city of St. Louis, Missouri.

The plaintiff, public administrator of the city of St.
Louis, having in charge such of the estate of John T.
Harris as was found in said city, brought suit against
defendant on the above promissory notes before a jus-
tice of the peace from whose judgment the cause was
appealed to the circuit court of the city of St. Louis,
where on a trial *de novo* the issues were submitted to
the court without the intervention of a jury. On the
trial plaintiff offered in evidence the notes. The de-
fendant offered in evidence the last will of John T.
Harris which had been duly probated in the county
court of Rockingham county, Virginia, November 21,
1899, also the following memoranda, admitted to have
been written by John T. Harris in a memorandum book
kept by him:

"March 22, 1899.
"I think it proper that I make the following state-
ment:

"I have struggled to aid my children as their ne-
cessities occurred and as my ability enabled me to do.

"In their education as it was all directed by me, I
take no account as to which spent the most money. I
was satisfied none of them was extravagant and I often
regretted my circumstances did not enable me to give
them more spending money.

"I hold no charge against anyone on account of the
cost of his or her education. I doubtless spent more on
some than on others, but I do not know that I did, and
if I did, it was my will and for the best and no one has
a right to complain.

"Since their majority I have been governed by the same principles. As to my daughters I have made them presents as I thought their wants most demanded and this without any charge against them. John Beall has been differently situated in this. He has lived in large cities where his expenses were heavy. I have aided him from time to time by indorsing notes in bank and advancing money. I have taken up two notes, one of $130, the other of $330 from the First National Bank of Harrisonburg. I am surety in two bonds or notes to John T. Harris, Jr., for Beall, one for $1,200 and one for $600. If I or my estate should have to pay these two notes, or any part thereof, I direct the principal shall be charged to Jennie O., as well as the principal of the two notes I have paid of $130 and $330, but not the interest. This money went to aid her and her family, and it is but just she should be charged with it. I regret it, but I think but just to the others, that I feel it my duty to charge her even with the principal.

"As to Graham I lent him some money, but he paid it back. I may have advanced him some small sums soon after he went to Chicago, which I did not expect him to return and I do not expect it now, if there were such.

"As to T., there have been many transactions between us, generally I was borrowing money from him to meet emergencies, which were pretty soon returned. I have not advanced him any money or lent him any, nor has he used any of my funds for his benefit and to-day there is not a cent between us.

"As to the other children, there are no charges against them as they have received nothing worth naming.

"If my boys should be able, I hope—if it ever becomes necessary—they will not let their sisters want for anything. March 22, 1899.

"JOHN T. HARRIS."

"April 12, 1899.

"Upon mature thought I have determined not to charge Jennie O. with any more than the principal of the twelve hundred dollars bond which she signed with John Beall to John T. Harris, Jr., and which I also signed. Her case has been different in this from the others. She has been sick most of the time and she would not see at the time of distribution why she was charged with sums of which perhaps she knew nothing. She will have but little at best, and the sums with which I do not charge her would be but little when divided among the rest, but would be right smart to her and I am sure they will not grumble. I do for the best, as I understand it and feel.

"John T. Harris."

Plaintiff objected to the introduction of the will and memoranda in evidence, on the ground that they constituted no defense to the plaintiff's cause of action, and on the further ground that the memoranda were not a part of the will and were not an exoneration or forgiveness of the debt, nor evidence that John T. Harris considered said indebtedness as an advancement. The objections were overruled, to which ruling plaintiff duly objected and excepted.

Defendant's evidence further shows that the estate of John T. Harris, at the time of his death, was valued at $60,000, and that the income from the estate was about $4,000 per annum. The will shows that the estate was left in trust for an indefinite period; that the testator had several daughters whose distributive shares, during the continuance of the trust and on final distribution, were devised to their sole and separate use.

The fourteenth clause of the will reads as follows:

"I make no charge for advancements unless a memorandum to this effect be found."

The notes in suit were discounted at the First Nat-

ional Bank at Harrisonburg, Virginia, by John T. Harris, and the proceeds delivered to the defendant. John T. Harris, before the maturity of the notes, to-wit, on March 20, 1899, paid the bank and took up the notes and they were in his possession on the dates of the memoranda admitted in evidence.

No declarations of law were asked or given. The court found the issues for the defendant and rendered judgment accordingly, from which plaintiff, after taking proper steps to save his exceptions, appealed.

BLAND, P. J. (after stating the facts as above).—
1. Where a parent takes a promissory note, payable to himself, from his child, his declarations at the time of the transaction, or subsequent thereto, are admissible for the purpose of showing that the note was taken as a mere receipt or memorandum of an advancement. Brook v. Latimer, 44 Kan. 431; Peabody v. Peabody, 59 Ind. 556; Nelson v. Nelson, 90 Mo. 460; McDearman v. Hodnett, 83 Va. 281.

In Kirby's Appeal, 109 Pa. St. 41, it is said: "Advancement is a question of intention, and the signing of a statement that a certain sum of money due the decedent was advanced by him, is sufficient evidence of such intention to convert the indebtedness into an advancement." In McDearman v. Hodnett, supra; Peale's Adm'r v. Thurmond, 77 Va. 753; Hagler v. McCombs, 66 N. C. 345, and Gaston's Adm'r v. Robards, 9 Ky. 722, it is held that the payment of the debts of the husband of the daughter of the deceased, or the advancement of money to him to assist him in his business, should, when the intention so to do was shown, be deemed advancements to the daughter. While the presumption is that the property given a child by a parent is to be accounted for on final distribution of the estate (Gunn v. Thurston, 130 Mo. 339), yet the transaction is one of intention and the presumption may be overcome

by the contemporaneous declarations or subsequent admissions of the parent going to show that it was a gift, and such evidence is admissible on the ground that the declarations are against the interest of the declarant as they tend to diminish the value of the estate. McDonald v. McDonald, 86 Mo. App. 122; Nelson v. Nelson, 90 Mo. 460; Gunn v. Thurston, supra. Such admissions apply to memoranda and book entries made by the deceased. Gubernator v. Rattalack, 86 Mo. App. 184. The deceased indorsed and discounted the notes in suit for the accommodation of the defendant, his son-in-law. He took up these notes by paying the bank before their maturity. These facts, independent of the memoranda indicate that Harris did not expect the notes would be paid by the defendant, and a purpose on his part to treat the sums represented by the notes as an advancement to the wife of the defendant. The memorandum of March 22, 1899, considered in connection with the fourteenth clause of the will, removes all doubt of Harris' intention in respect to the notes and conclusively shows that when he took them up and entered the memorandum in his book, his intention was not to hold them as evidence of indebtedness of the defendant but as receipts for money he had advanced his daughter, defendant's wife. That this memorandum was admissible as evidence for the purpose of showing the intention of Harris in respect to the notes, we think, is abundantly sustained by the authorities, supra.

2. A discussion of the memorandum of April 12th, is not necessary to decision of this case, nor do we think it advisable to express any opinion in reference thereto as its effect upon the estate of John T. Harris and the distributive share of Jennie O. Beall thereof must be settled by the courts of Virginia.

The judgment is affirmed. *Reyburn* and *Goode,* *JJ.,* concur.