AMANDA J. LYNCH et al., Appellants, v. HENRY C. CULVER et al., Appellants.

**Division Two, July 14, 1914.**

1. **ADVANCEMENTS: Presumptions: Burden of Proof.** Substantial gifts by a parent to a child are ordinarily presumed to be advancements chargeable to the child in the distribution of the donor's estate, and the burden of showing the contrary rests accordingly on the party denying the advancement.

2. ———: ———: ———: **Gift: Deeds Reciting Consideration.** Where deeds recite a consideration as paid, the burden of proof is shifted to those who contend they were advancements, but where the evidence introduced on behalf of those who received the deeds shows that they were made not for the money consideration named, but as gifts, the presumption that they were advancements again operates.

3. ———: **Gift for Good Conduct.** The fact that a mother gave property to her son because he was a good boy and stayed at home does not disprove that the transaction was an advancement.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis*, Judge.

REVERSED AND REMANDED (*in part*).

*John C. Leopard* for plaintiffs.

*Dudley & Selby* for defendants.

ROY, C.—This is a partition suit in which plaintiffs ask that the defendants be charged with certain advancements.

Timothy Culver and Mary Jane Culver were husband and wife. The wife, at the time of her death, owned the 92 acres of land described in the petition. She had six children, to-wit: Delia McBrayner, Lewis C. Culver, Amanda J. Lynch, Wesley A., Henry C. and William J. Culver. The latter died leaving as his only heir the defendant James E. Culver. During her lifetime Mary Jane Culver, by deeds in which her husband joined, conveyed separate tracts to three of her sons as follows: In 1879, she conveyed to Wesley A. Culver 46.23 acres for the expressed consideration of $300; and in 1892 she conveyed to Henry C. and William J. each forty acres by separate deeds, each being for the expressed consideration of $700. The land so conveyed by her to her sons belonged to her. Evidence was introduced showing that Mary Jane Culver in her lifetime stated to witnesses that she had given the land to Henry C. to keep him from going away from home; that he had always stayed at home and looked after them; that she had given the land to the boys so that they would settle close around and not go away. One witness testified she said that she gave Wesley the land because he had been a good boy, and that she gave him the land to keep him at home; and that if the other boys did as well she would give them the same.

Plaintiffs introduced evidence of statements by the mother that she was going to give the girls forty acres of land each. That evidence was objected to by defendants and the objection overruled.

The trial court charged Henry C. Culver and James E. Culver each with an advancement of $700,

and refused to charge Wesley A. with the $300, the expressed consideration in the deed to him.

Defendants Henry C. and James E. Culver appeal, and the plaintiffs appeal from the order of the court refusing to charge Wesley A. Culver with $300 advancement.

There was not a particle of evidence outside of the deeds on the question as to whether the gifts to the boys were absolute or gifts by way of advancements. A parent may well give to a child a tract of land because he has been a good boy, and in order to keep him at home. Such a gift may be made as an advancement or as an absolute gift. We do not consider the subsequent statement of the mother that she intended to give the girls forty acres each. She did not say whether such gifts were to be advancements or absolute gifts. Whether such statements of her intentions to give land to the girls were competent is of no importance, as they prove nothing affecting the issue. Her statements that she *gave* the boys the land do not disprove advancements because advancements are gifts, and are so called. She may have made advancements because of the fact that the recipients were good boys, and she wanted to keep them from going away.

Money or property furnished for the purpose of establishing a child in business is an advancement. [14 Cyc. 170.]

"Substantial gifts of money or property by a parent to a child are ordinarily presumed to be advancements chargeable to the child in the distribution of the donor's estate, and the burden of showing the contrary rests accordingly on the party denying the advancement." [14 Cyc. 167; Ray v. Loper, 65 Mo. 470; Waddell v. Waddell, 87 Mo. App. 216; McDonald v. McDonald, 86 Mo. App. 122.]

260 Mo.—32

It is contended that where the deed recites a consideration paid, as in this case, the burden is shifted to those who contend that it was an advancement. Thornton on Gifts and Advancements, sec. 557, note 1, and Woerner's Am. Law of Adm. (1 Ed.), sec. 555, are cited in support of that contention. An examination of those authorities reveals the fact that the rule is based on the presumption that the conveyance was a sale for a valuable consideration and not a gift. It may be well said that when a deed recites a valuable consideration paid it is to be presumed that such a consideration was paid. Such a presumption would doubtless have been binding in this case, but for the fact that the evidence introduced in behalf of the parties who received the deeds shows that they were made not for the money consideration named in the deed, but as a gift. Being a gift, in the absence of a showing to the contrary, it is presumed to have been an advancement.

**Gift: Deeds Reciting Consideration.**

No reason appears why the conveyance to Wesley A. Culver should not be adjudged an advancement. It was made to him because he was a good boy and stayed at home. That does not disprove an advancement. A parent may make either an absolute gift to a son because he is a good boy and stays at home, or he may make him a gift by way of an advancement for the same reason. The law presumes that it was an advancement when the contrary is not shown. The judgment holding that the conveyances to Henry C. and William J. Culver were by way of advancements is affirmed. The judgment holding that the conveyance to Wesley A. Culver was not an advancement is reversed, and the cause is remanded for further proceedings in accordance with this opinion. *Williams, C.;* concurs.

**Gift for Good Conduct.**

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.