IN RE ESTATE OF JAMES M. GREENWOOD, deceased, ADA G. MCLAUGHLIN, executrix, Appellant, v. JOSEPHINE M. GREENWOOD, Respondent.

Kansas City Court of Appeals, January 27, 1919.

1. **ADMINISTRATION: Gifts: Presumption.** Property delivered by a husband to his wife, even after the making of a will by the former, is presumed to be a gift.

2. ———: **Evidence: Book Entries.** An entry in a book which purports on its face not to have been made contemporaneously with the transactions recited therein, is incompetent. Such entries are admissible only when there are made at or near the time of the transactions recorded.

3. ———: ———: ———. Books of account kept by a person who has since died are, when accompanied by proof that they are his books and in his handwriting, admissible in evidence on behalf of his estate, it being presumed that they regularly kept, but this is not the case when the entry on its face shows that it was not made at the time of the transactions which it recorded.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

*Gage, Ladd & Small* for respondent.

BLAND, J.—James M. Greenwood died on August 1, 1914. He left a widow, respondent herein, and three children by a former marriage. After his marriage to respondent he made a codicil to his will, made before his marriage, in which he provided that his widow should have a one-fourth interest in the real and personal property possessed by him at the time of his death. His daughter, the appellant herein, was ap-

pointed executrix and in her amended final settlement
charged the respondent with the following: "Amount
distributed to Mrs. Josephine H. Greenwood by James
M. Greenwood during life, $3500. Amount loaned to
Mrs. Josephine H. Greenwood by James M. Greenwood,
$600." Respondent filed a motion in the probate court
to strike out and disallow these items, which motion was
by that court sustained. Thereupon appellant appealed
to the circuit court and the judgment of that court
was that "neither of said sums be charged to the said
Josephine H. Greenwood in said amended final settle-
ment." Appellant has appealed the case here.

An entry in an account book kept by the deceased
was offered in evidence but upon objection was excluded
by the court. The entry in said book is as follows:

"J. M. Greenwood in Acct. with his Wife,
Josephine H. Greenwood.

1912

Aug. 1. Turned over to Josephine H. Greenwood,
proceeds of Residence sold in Kirksville, Mo. Three-
thousand Five Hundred Dollars ($3500) as a part of
her interest and share of my estate. One Thousand
Dollars in Cash and Two-Thousand Five Dollars—a
note secured by mortgage; Also I lent her Six hundred
Dollars to aid her in making a loan of Seventeen
Hundred Dollars ($1700) on property near Independ-
ence, Mo. She advanced $1100 and I $600. Sept. 30, 1912.

J. M. GREENWOOD."

The evidence shows that on July 17, 1912, the
deceased owned real estate in Kirksville, Missouri, and
on that date he sold the same for $3500: $1000 of the
purchase price was cash and $2500 evidenced by a
promissory note payable to himself and his wife, due
on or before two years after date. This note was
secured by a deed of trust recorded on July 18, 1912.
On February 11, 1913, Mrs. Greenwood, the respondent,
wrote a letter to the cashier of a bank in Kirksville,
enclosing the note assigned to her by deceased and
asked the cashier to receive the money thereon and

place the same to her credit, the maker of the note desiring to pay it off, which was done.

On August 2d or 3d, 1912, Mrs. Greenwood was shown some real estate near Independence, Missouri, the owner of which desired a loan of $1750. Respondent loaned said sum upon said property, the note being dated August 5, 1912, and on that day she gave her check on a bank in Kansas City for $1750, payable to the agents who negotiated the loan. It was two or three days prior to this last date that she told said agents she wanted to make a loan.

There was no declaration or finding of fact given or requested except the following declaration of law, which the court gave upon its own motion:

"The court declares the law to be that, if the memorandum in the book of accounts introduced in evidence, is competent evidence of the recitals therein contained, the motion to strike out the two items of credit from the final settlement of the executrix should be denied; otherwise, it should be sustained." As before stated the motion was sustained.

It is claimed by appellant that the money delivered to respondent by deceased, after the codicil was executed, was an ademption *pro tanto* of the legacy therein given to respondent.

It is well settled that property delivered by a husband to a wife, even after the making of a will by the former, is presumed to be a gift. [2 Pomeroy's Equity Jurisprudence (4 Ed.), section 562; In re Kennedy Estate, 154 Iowa, 460; Kramer v. Kramer, 201 Fed. 248.] The appellant in the court below sought to overcome this presumption by introducing the entry, supra, in deceased's account book. We think the court was clearly right in holding that the entry was not competent evidence as it purports on its face not to have been an entry contemporaneously made with the transactions recited therein, and, therefore, was not a part of the *res gestae* of those transactions. The general rule as to the time within which entries are to be made, whether under the common-law rule admitting books of

account, or under the statutory provisions on that subject, is that they should be made at or near the time of the transactions recorded. But while the freshness of the entry is essential the law fixes no precise instant when the entries may be made; it suffices if they are made within a reasonable time so that they may appear to have been made while the memory of the fact was recent, or the source from which the knowledge of it was derived remained unimpaired. Whether the entry is contemporaneous with the transactions which it purports to record, depends chiefly upon the circumstances of the case. [Post v. Kenerson, 52 L. R. A. 552; l. c. 583; 2 Wigmore on Evidence, section 1526, p. 1892 and section 1550, p. 1908; 17 Cyc. 383-384; Nelson v. Nelson, 90 Mo. 460; Anchor Milling Co. v. Walsh, 108 Mo. 277; McDonald v. McDonald, 86 Mo. App. 122.]

There is a rule that books of account kept by a person who has since died are, when accompanied by proof that they were his books and are of his handwriting, admissible on behalf of his estate, and there is authority to the effect that there need be no proof made as to the time and manner of making the entries. The presumption being that the entries are regularly kept. [2 Ency. of Evidence, p. 610-611; Hoover v. Gohr, 62 Pa. St. 136.] Manifestly this rule has no force when the entry on its face shows that the time at which it was made was not the time of the transactions which it recorded, such as is present in this case.

Appellant contends that the entry we have quoted supra, the original of which by agreement of the parties is submitted to us for our inspection, shows on its face that it is two entries, one of date, Aug. 1, 1912, wherein the $3500 transaction is mentioned, and the other of Sept. 30, 1912, wherein the $600 transaction is described. We are unable to agree with this contention. The two transactions are mentioned in the same sentence, the entire entry is in ink of the same hue or tint and its general appearance shows that it was written at one and the same time. The entry

In re Greenwood.

purports to have been made on September 30, 1912, reciting transactions occurring on August 1, 1912. The uncontroverted evidence shows that if deceased delivered $600 to his wife to loan on the property near Independence, Missouri, it was not delivered on September 30, 1912, or on any date near that one. The $1750 loan was consummated and the deed of trust securing the same was filed on August 7, 1912. Ordinarily the question as to whether or not an entry is contemporaneous or not depends upon the circumstances surrounding the situation of the party, the kind of business carried on, the mode of conducting it and the time and manner of making entries; it is sufficient if the entry be made within a reasonable time. [17 Cyc. 384.] The entry on its face shows that it was not made contemporaneously with the transactions recited therein. The deceased was not engaged in a mercantile business but kept a book wherein was recorded his financial transactions of a private nature. The book was kept in his desk at his residence. The evidence of the witnesses all shows that there is no reason whatsoever why deceased could and should not have made the entry at the time of the transactions. In fact, the appellant testified that deceased was in the habit of making entries on the very day of the transaction that the entries evidenced. We have examined a great many cases on the subject and have found none that upholds an entry as being contemporaneous that was made longer than the next day following the transaction; and this additional day was given only where the circumstances were such that it was not only the practice to conduct the business in that manner but it would have been most inconvenient, if not impossible, to have made the entry on the day of the transaction.

We think the rule that the entry must be contemporaneous with the transaction has proved to be a good one in view of the circumstances of this case. All of the evidence shows beyond question that the $600 transaction was not made on August 1. Respondent did not see the property upon which she

loaned $1750 until August 2d at the earliest, nor did she tell the agents who made the loan that she desired to make a loan before that time. Her check for the loan was given on August 5th. It is not reasonable to suppose that her husband advanced her the money on August 1. Deceased, in the entry, described the loan made by his wife as one for $1700 when all the evidence shows it was for $1750. The deed of trust covering the $2500 note on the Kirksville property was dated July 17, 1912, and was recorded July 18, 1912. It recites that it secures a promissory note in the sum of $2500, payable to James M. Greenwood and Josephine H. Greenwood, or order. This made the payees owners of the note by the entireties. [Craig v. Bradley, 153 Mo. App. 586.] The note having been owned in such a manner several days before August 1, 1912, it was not possible for deceased to have given her $3500 on that day, of which the $2500 note was a part, as she already owned an interest in the latter. It is, therefore, apparent that deceased waited so long after the transactions occurred before recording them that his memory was deficient in many material respects. The test that the entry must have been made near enough to the transaction to indicate a likelihood of accuracy or that it appears to have made while the memory of the fact was recent, fails in this case.

The entry not having been made contemporaneous with the transactions was a self-serving statement or declaration in the interest of the estate and was, therefore, inadmissible (Nelson v. Nelson, supra; McDonald v. McDonald, supra; Mumford v. Mumford, 194 S. W. 898), except, possibly, to show bad faith on the part of the maker of the entry. [See Baldrige v. Penland, 68 Tex. 441, l. c. 445.] But, of course, it was not offered for that purpose.

Appellant objected to respondent's testifying as to the character of the transactions had between herself and her husband, and the objection was sustained. However, there was evidence that respondent knew nothing of this entry until after the death of her

husband. Therefore it cannot be said that it was admissible on the ground that it was a declaration made by the deceased to his wife, to whom the advancement is claimed to have been made, and not at the time controverted by the latter. [See Nelson v. Nelson, supra.]

The judgment is affirmed. All concur.