## LEE GOBEL et al. Respondents, v. E. C. KITCHEN et al., Appellants.

### In the Springfield Court of Appeals, December 16, 1924.

1. **DESCENT AND DISTRIBUTION: Parent and Child: Advancements: Substantial Gifts Presumed to be Advancements.** Substantial gifts of money or other property by a parent to a child are presumed to be advancements, and the burden of showing the contrary rests on the party denying the advancement.

2. **TRIAL: Evidence: Objection to Testimony Properly Overruled Where Testimony Incompetent on One Issue, But Competent on Other Issues.** In suit to determine the character of a conveyance from deceased to son, testimony as to conversation between witness and deceased indicating that deceased regarded the conveyance as in the nature of an advancement, was incompetent on the question of the nature of the conveyance, such statement not being made in the presence of the son, as being self-serving and in the interest of the declarant; altho such evidence was competent on the issues of undue influence and mental incapacity, which issues were before the court; and objection to such testimony was therefore properly overruled.

3. **DESCENT AND DISTRIBUTION: Evidence Held to Show Conveyance Was Advancement,** Evidence *held* to show conveyance of farm was intended as advancement.

(354)

4. **APPELLATE PRACTICE:** Trial Court's Ruling Held Immaterial, Where Suit Tried De Novo on Appeal. Suit to determine character of conveyance being tried *de novo* on appeal, ruling of trial court on competency of testimony is of no consequence.

5. **EVIDENCE:** Notaries: Testimony of Notary as to Statement of Grantor Competent as Res Gestae on Issue of Advancement. Evidence of notary as to what deceased said when deed from father to son was signed as to the consideration, *held* competent as part of *res gestae*, on question whether deed was an advancement.

6. **APPELLATE PRACTICE:** Conclusion of Chancellor Deferred to on Appeal. Conclusion of chancellor, having witnesses before him, and in position to reach just conclusion, will be given weight on appeal.

*Headnotes 1. Descent and Distribution, 18 C. J. pp. 933, Section 258; 935, Section 259; 2. Trial, 38 Cyc., p. 1340; 3. Descent and Distribution, 18 C. J. p. 939, Section 265 4. Appeal and Error, 4 C. J., p. 971, Section 2952 (Anno.) 5. Descent and Distribution, 18 C. J. p. 937, Section 262; 6. Appeal and Error, 4 C. J. p. 898, Section 2868.

Appeal from the Circuit Court of Dent County.—*Hon. W. E. Barton*, Judge.

AFFIRMED.

*L. B. Woodside* and *C. C. Cope*, both of Salem, for appellants.

(1) An advancement is an irrevocable gift of property by a parent to a child to enable the donee to anticipate his inheritance to the extent of the gift. 14 Cyc. p. 162. (2) In some jurisdictions it has been held that unless the evidence shows to the contrary an advancement is presumed, yet in others it is held that no gift should be deemed an advancement unless expressed in writing, but in all cases there must be an intent to make it an advancement. 14 Cyc. p. 164. (3) We concede that in this State that if there is nothing to show to the contrary that the deed will be presumed to be an advancement but the mere act of making the deed does not make an advancement but it is simply only where there is no

explanation that can be gathered from the circumstances, then it may be presumed. 14. Cyc. p. 164. (4) The presumption is one of fact only and not of law, and is easily to be overcome. 14 Cyc. p. 167. (5) The acts and declarations of the donor are admissible to repel the presumption. 14. Cyc. p. 168. (6) The presumption may also be repelled by parole evidence showing that the transaction was intended by the donor as a gift. 14. Cyc. p. 168. (7) The rule regulating advancements is to be governed and is controlled by statutory enactment. (8) Section 308 is the only Statutory Provision that we have in regard to advancements, and the rule can only be enforced in an action in partition. (9) Where a child receives the transfer of property and the evidence does not disclose was occurred between the parties at the time, resort must be had to the surrounding circumstances to determine the question whether the parent intended to make an absolute gift or to make an advancement as part of the estate. Stephens v. Smith, 127 Mo. App., 121. (10) Verbal declarations of the parent that he had made an advancement to a child are incompetent when offered in the interest of the estate or others heirs to charge the child specified or to diminish his right to a full share in the estate of a common ancestor. Waddell v. Waddell, 87 Mo. App. 218; Nelson v. Nelson, 90 Mo. 460. (11) But that fact may be disproved by such statements. Waddell v. Waddell, 87 Mo. App, 219. (12) If the consideration is expressed in the deed, there is no presumption of an advancement.

*McGee & Bennett,* of Salem, and *Duty & Duty,* of Rogers, Ark., for respondents.

(1) Jurisdiction. This is an equitable proceeding of which the circuit court had jurisdiction; the appellant so considered it and joined issue on the question of advancement and asked for a determination of the court on that issue and cannot now complain. Ford Admr. v. Talmage,

36 Mo. App. 65; Ford Admr. v. O'Donnell, 40 Mo. App. 51; Hopkins v. Thompson, 73 Mo. App. 401; Davis v. Smith, 75 Mo. 219; Frazier v. Crook, 204 S. W. 392; McQuitty v. Steckdaub, 190 S. W. 590; Lietman's Executor v. Lietman, 149 Mo. 121. (2) Evidence. (a) The declarations of deceased to Baker were not in his interest or that of his estate and were admissible; besides it simply showed an intent to perform an act in the future. (b) The declarations of deceased to Baker were admissible for the purpose of showing his mental condition and his feeling for the several objects of his bounty; the only objection to this testimony was a general one and not that it was a declaration in favor of interest. Lefever v. Stephenson, 193 S. W. 840; Koger v. Black, 220 S. W. 904; Rinkle v. Lubke, 246 Mo. 392; Jones v. Thomas, 218 Mo. 543; Hanson v. Neal, 215 Mo. 271. (3) Advancements. (a) When property is given to a child the presumption is that it is to be accounted for in the final distribution and is an advancement and not a gift, and such child has the burden of proving that it was not an advancement. Lynch v. Culver, 168 S. W. 1138; Pitts v. Metzger, 187 S. W. 610; Aylor v. Aylor, 186 S. W. 1068; 26 A. L. R. 1106. (b) There was no competent evidence to rebut the presumption of advancement. Tho deed recited a valuable consideration and where a valuable consideration is recited such as money, parol evidence is inadmissible to show that the consideration was good instead of a valuable one. Lynch, et al. v. Culver, 260 Mo. 495, 168 S. W. 1138; Yates v. Burt, 161 Mo. App. 267, 143 S. W. 267; Holloway v. Vincent, 143 Mo. App. 434, 128 S. W. 214. (c) The fact that a gift by a parent to a child was because he was a good boy and stayed at home, etc., does not disprove that it was an advancement. Lynch et al. v. Culver, 260 Mo. 495. (d) When a deed recites avaluable consideration and such consideration is not paid it is an advancement. It is conceded that the consideration was not paid by appellant. Lynch et al. v. Culver, 260 Mo. 495.

BRADLEY, J.—Lee and Helen Gobel, minors, by their guardian brought suit against E. C. Kitchen and his mother, Sarah Kitchen, to determine the character of a conveyance to certain lands in Dent county to defendant E. C. Kitchen. The court found the conveyance to be an advancement, and defendants appealed.

Prior to February 6, 1923, G. C. Kitchen owned five-sevenths of the land conveyed, and defendant E. C. Kitchen owned the remaining two-sevenths. On February 6, 1923, G. C. Kitchen and his wife Sarah conveyed by warranty deed the five-sevenths interest to E. C. Kitchen, their son. The deed recited a consideration of $5000, but there was in fact nothing paid. Plaintiffs are the grandchildren of G. C. Kitchen. Their mother, now deceased, was the daughter of G. C. Kitchen by a former marriage. On April 7th after the conveyance in February G. C. Kitchen died, and E. C. Kitchen asserted his claim of entire ownership of the land and this suit followed.

The petition counted upon undue influence, unsound mind and an allegation of advancement. The answer put in issue the allegations of the petition. The only question presented for our determination is whether the evidence is sufficient to support the finding that the conveyance to defendant E. C. Kitchen was intended as an advancement. Substantial gifts of money or other property by a parent to a child are presumed to be advancements, and the burden of showing the contrary rests on the party denying the advancement. [Lynch v. Culver, 260 Mo. 489, 168 S. W. 1138, and authorities there cited.] The greater portion of the record here is made up of evidence directed to questions other than the question of advancement. W. H. Haven, the notary who prepared the deed and took the acknowledgment, testified that G. C. Kitchen, the grantor, directed him to state the consideration in the deed at $5000, and the deed recited that consideration. G. C. Kitchen stated to the notary that the land was worth $7000, and that he owned a five-

sevenths interest. Defendant was not present when the deed was prepared and signed, but was present in a few minutes thereafter and heard the deed read over wherein a consideration of $5000 was recited. W. H. Baker, a merchant, was a witness for plaintiffs and testified: "Q. Did he (G. C. Kitchen) talk with you about his business affairs? A. Not much. Q. Did he say anything about this farm? A. Yes. Q. Tell the court what he said about this farm. A. He said that was all he aimed for Ed to have. By Mr. Woodside. I object to that answer. It is not competent. By The Court: The objection is overruled. To which action of the court defendants excepted. By Mr. McGee: Q. What else was said Mr. Baker, about Ed getting the farm and making a living out of it? A. That is what he said, he aimed for Ed to have the farm, and 'I don't aim for him to have anything else; if he can't make a living out of that farm, he would have to do without it.' By Mr. Woodside: We renew our objection to that question and answer. By The Court: The objection is overruled. Defendants excepted. By Mr. McGhee: Q. Do you know what his feelings were towards these two children, the plaintiffs in this case? A. I think he thought as much of them as Ed; the way he talked to me he aimed for them to have their part."

Bob Kitchen, a brother to G. C. Kitchen, testified that about a year or more before his brother's death that he and his brother were down at the farm deeded to E. C. Kitchen, and that his brother said on this occasion: "I am going to deed this place to Ed. I aim for him to have that much above what the other heirs get; he has worked and helped me make it, and the other heirs have never done nothing for me."

Dill Eaves a witness for defendants, and a brother of defendant Sarah Kitchen, testified that three or four years prior to the date of the trial, which was April 18, 1924, G. C. Kitchen said to him that he was going to give the farm in question to his son Ed. "He told me about

the same thing two different times; he told me about it before they moved down there, that he was going to give the place to Ed. They were building a barn then, the first one, and he took me over the place and showed me the place. He told me Ed had so much better place than him and me had to start with, if he couldn't make a living on it, he ought to do without a living.'' Defendant Sarah Kitchen testified, but added nothing definite to the solution of the question of advancement. When asked to tell all she knew about the matter she said: ''Well, he wanted to make Ed a deed to the place and so he did.'' She also stated that there was no note taken and no account made against E. C. Kitchen for the deed, and that whatever interest she had in the farm she by the deed gave to her son.

The above is all the evidence on the question of advancement. Both sides below and here have treated the question of advancement as one for the equity side of the court and we shall so consider it. Defendants complain of the admission of the evidence of witness Baker as to what G. C. Kitchen said. G. C. Kitchen left some estate in addition to the farm in question. Considering the remaining estate and the value of the farm the evidence of Baker tends to show that the conveyance of the farm was intended as an advancement. This character of statement or declaration has been held incompetent when not made in the presence of the one favored, on the theory that it is in the nature of self-serving, that is, that such a declaration is in the interest of the declarant. [McDonald v. McDonald, 86 Mo. App. 122, l. c. 125; Waddell v. Waddell, 87 Mo. App. 216; Nelson v. Nelson, 90 Mo. 460, 2 S. W. 413.] At the time Baker testified the issues of undue influence and mental incapacity were before the court as well as the issue of advancement. The evidence of Baker was competent on the other issues, and the objection was properly overruled. [Lefever v. Stephenson, 193 S. W. (Mo. Sup.) 840.] But considering the cause at bar as in equity the

ruling below on the competency of Baker's evidence is not of consequence, since we try the cause here *de novo*, and and it is our duty to consider the competent evidence on the question of advancement, and affirm the judgment if for the right party, regardless of the fact that the lower court may have considered maker's evidence on the question of advancement. [Signaigo v. Signaigo, 205 S. W. (Mo. Sup.) 23.]

The evidence of the notary as to what G. C. Kitchen said at the time the deed was signed is competent as a part of the *res gestae*. [McDonald v. McDonald, supra.] The notary at the time of the conveyance asked what consideration should be placed in the deed, and G. C. Kitchen directed that the consideration be placed in the deed at $5000. He stated that the farm was worth $7000 and that he owned a five-sevenths interest. He did not state that he was making a gift of the farm to his son. In a few minutes thereafter the son came in and in his presence and in the presence of the grantors the deed was read over by the notary and the son remained silent as to the $5000 consideration recited in the deed. The learned chancellor had the witnesses before him. He was in better position to reach a just conclusion that are we. It is our duty to give due deference to the conclusion reached below. In view of the presumption that the conveyance at bar was intended as an advancement and not as a gift, and in view of the fact that the burden of overcoming this presumption was upon defendants, and giving that deference to the finding below that we should, it is our conclusion after a careful consideration of this record that the judgment below was for the right party and should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.