Stephens v. Smith.

## JAMES H. STEPHENS et al., Appellants, v. MARY ARCHIPPA SMITH et vir, Respondents.

**Kansas City Court of Appeals, December 2, 1907.**

1. **DESCENTS AND DISTRIBUTION: Advancement: Payment: Presumption.** Where one of two or more children receive for his own use a transfer of money or other property from the parent and the evidence does not disclose what occurred at the time, resort must be had to the surrounding circumstances to determine the question whether the parent intended to make an absolute gift, a loan or an advancement; and the presumption should be indulged that an advancement was intended, and the receiving child has the burden of showing a gift or loan.

2. ——: ——: ——: ——. A parent gave a daughter with whom she boarded a check on the bank for three hundred dollars, which was paid. Without showing more, it cannot be presumed that it was intended as an advancement, since the daughter may have drawn the money for the mother or may have taken it in payment of board or as a gift or loan, and to infer that it was an advancement would be to build presumption upon presumption which cannot be done, since a legal presumption must always rest immediately on a fact and not on another presumption.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,*
Judge.

AFFIRMED.

*R. B. Ruff* for appellant.

(1) The presumption is that a parent intends that his children shall share equally in his estate. Hence the further presumption that when he gives property to one of his children in his lifetime he intends the same as an advancement to such child with which he is to be charged on final distribution of his estate. Gunn v. Thruston, 130 Mo. 347; McDonald v. McDonald, 86 Mo. App. 127; 1 Woerner on Administration, p. 1219, sec.

555; Tuggle v. Tuggle, 57 Ga., 521; Mitchell v. Mitchell, 8 Ala., 414; Weaver's Appeal, 63 Pa. St. 311; Appeal of Miller, 11 Pa. St. 227; Sampson v. Sampson, 4 S. & R. 329; Patterson's App., 128 Pa. St. 280; Ray v. Loper, 65 Mo. 473; Strode v. Beall, 105 Mo. App. 501; Trust Company v. Rudolph, 136 Mo. 173.

*Robert M. Reynolds* for respondents.

(1) There is no presumption, from the record in this cause, that the cancelled check introduced in evidence, was an advancement, by the deceased, to the defendant. It was not shown to be a gift of any kind, nor was there any other evidence showing it to have been an advancement. Ray v. Loper, 65 Mo. 473. (2) An advancement is a gift by a parent, *in praesenti*, of a portion or all of the share of his child in his estate which would fall to it under the Statute of Descent and Distribution; or again the giving by anticipation during the intestate's lifetime, of the whole, or part of what the child would be entitled to upon the donor's death. 2 Woerner's Law of Administration, 1214; Estate of Williams, 62 Mo. App. 347. (3) A gift by way of advancement, is distinguished from absolute gifts, in this respect: that it is in anticipation of inheritance, and is to be charged against the donee's interest in the estate, on distribution, while an absolute gift is not to be charged. Nelson v. Nelson, 90 Mo. 464; Gunn v. Thruston, 130 Mo. 347. (4) An advancement must be alleged and proven. Ray v. Loper, 65 Mo. 473; Waddell v. Waddell, 87 Mo. App. 218; Nelson v. Nelson, 90 Mo. 464.

JOHNSON, J.—The appeal in this case is prosecuted by plaintiffs from an interlocutory judgment in a partition suit in which the trial court in declaring the interests of the parties found for the defendant heir on

the issue raised in the pleadings that her interest should be charged with an advancement.

Mary M. Stephens, an aged woman, died intestate in Saline county on or about February 2, 1905, leaving real property, the subject of the present action, of the value of one thousand dollars and personal property of the same amount. Defendant, Mary Archippa Smith, was her daughter and, as such, was entitled to one-eighth of the estate. Mrs. Smith's husband was made codefendant. The remaining heirs of Mrs. Stephens who are joined as plaintiffs contend that on November 5, 1904, Mrs. Smith received from her mother the sum of three hundred dollars as an advancement and that if this were thrown into hotchpot as it should be, it would equal her interest in the estate. This contention was answered by a general denial and was found by the learned trial judge to be unsupported by evidence.

It appears that Mrs. Stephens made her home with defendants from November 2, 1903, to the time of her death (a period of fifteen months) and was supported and cared for by them. After her death, defendants presented and were allowed a demand against the estate in the sum of $54.34 for her board. Plaintiffs introduced as a witness the cashier of a bank at Sweet Springs who testified that on November 5, 1904, Mrs. Smith presented for payment the following check:

"Sweet Springs, Mo., Nov. 5, 1904.
CHEMICAL BANK.

Pay to Mrs. A. L. Smith, or order, $300.    Three hundred 0-100 dollars.

MRS. MARY M. STEPHENS,
No. ———.                    By ALLEN L. SMITH."

Witness paid the check, and charged the amount thereof to the account of Mrs. Stephens who then was a depositor of the bank. Plaintiffs offered no other evidence and none was introduced by defendants.

In cases where one of two or more children receives for his own use a transfer of money or other property from his parent and the evidence does not disclose what occurred between the parties at the time, resort must be had to the surrounding circumstances to determine the question of whether the parent intended to make an absolute gift, loan or advancement to the favored child. And, in approaching a solution of this question, the presumption should be indulged that an advancement was intended and the burden cast on the party who would overcome it to show by facts or circumstances that a gift or loan was intended. The presumption arises from a recognition of the natural instinct which ordinarily prompts a parent to treat his children equally and not to prefer one to another in the distribution of his estate. But the difficulty we encounter in applying it to the present case springs from the failure of plaintiffs to adduce any evidence in proof of the existence of one of the primary facts without which the presumption should not obtain. Plaintiffs do show that Mrs. Stephens gave her daughter a check which the latter cashed, but for aught disclosed, the daughter might have acted merely as her mother's messenger in the transaction or else, on the hypothesis that the check was drawn for the daughter's benefit, it might have been given in payment of board and other services furnished by defendants during the year then just closed. Either of these inferences is just as reasonable as that assumed by plaintiffs that the daughter kept the proceeds of the check and that it was not given in payment of an existing obligation. It is apparent that in order to adopt the theory of plaintiffs that an advancement was intended, we would be compelled to build presumption on presumption; i. e., first, that the daughter actually received and used the money; second, that it was not given her in payment of a debt, and, third, that it was not intended as a gift or

loan, but as an advancement. To reach an ultimate fact by such process would be violative of a fundamental rule—that a legal presumption always must rest immediately on a fact, and not on another presumption. Before the presumption of an advancement could arise, it devolved on plaintiffs to show directly or by circumstances that Mrs. Smith received the proceeds of the check for her own use and not as a creditor of her mother. This burden has not been met and, it follows, that the judgment must be affirmed. All concur.