## MARY A. PITTS, Appellant, v. ADRAIN R. METZGER et al., Respondents.

St. Louis Court of Appeals, July 10, 1916.

1. **ADVANCEMENTS: Sufficiency of Evidence.** In an action for the partition of real estate, where the question of whether the deceased owner had made an advancement to one of his heirs was in issue, evidence *held* to warrant a finding that decedent had made such advancement and, accordingly, that it should be deducted from the distributive share of such heir.

2. **PARTITION: Appellate Practice: Conclusiveness of Finding.** A finding, in a partition suit, that an advancement was made by decedent to his daughter is regarded as a finding in a suit at law, and, therefore, is not reviewable, on appeal, if supported by substantial evidence.

3. **ADVANCEMENTS: Rebutting Charge: Burden of Proof.** It is presumed that substantial payments made by a parent to his child are advancements chargeable to the child in the distribution of the parent's estate; and the burden of showing the contrary rests upon the party denying the advancements.

4. **PARTITION**: Advancements: Bringing Property into Hotchpot. In ascertaining the amount coparceners are entitled to receive on partition of real estate, where advancements have been made to some of the coparceners, the amount of the advancements and the net proceeds of the real estate, after deducting the expenses, should be brought into hotchpot and this sum divided into distributive shares and the amount of advancements deducted from the respective shares of the coparceners to whom they were made.

Appeal from Knox County Circuit Court.—*Hon. N. M. Pettingill*, Judge.

REVERSED AND REMANDED (*with directions*).

*L. F. Cottey* for appellant.

(1) The statute, sec. 337, R. S. 1909, expressly requires that if there are advancements they shall be brought into hotchpot with the estate descended, in partition suits. In re Estate of Elliott, 98 Mo. 379; Alleman v. Manning, 44 Mo. App. 4. (2) Where money is paid by a parent to a child, as in this case, by checks, it cannot be presumed that it was an advancement, and the burden is cast upon the defendants to establish that it was an advancement. That burden has not been met in this case by the defendants. Stephens v. Smith, 127 Mo. App. 18; Moore v. Renick; 95 Mo. App. 202.

*D. A. Rouner, J. C. Dorian* and *F. H. McCullough* for respondents.

(1) It is not the practice of the appellate court to disturb the judgment of the trial court on a question of fact. James v. Association, 148 Mo. 1; Bobbins v. Humphreys et al., 171 Mo. 198. (2) The presumption of law is, that money or property received from a parent is an advancement and the burden of showing that it was a gift is upon the child receiving it. Ray v. Loper, 65 Mo. 472; Stephens v. Smith, 127 Mo. App. 18.

NORTONI, J.—This is a suit under our statute for the partition of certain real estate. The court decreed the partition prayed but charged the interests of plain-

tiff Mary A. Pitts, also that of her sister, Jennie M. Eistertz, with certain advancements, and plaintiff prosecutes the appeal from this judgment.

Martin Metzger died intestate, on January 9, 1914, owning two hundred and forty acres of land in Knox county. He left surviving him as his sole heirs, his daughter, the plaintiff, Mary A. Pitts, also defendants, his daughter, Jennie M. Eistertz, and his sons, Adrain R. Metzger and Frederick Metzger, and his grandson, defendant Martin P. Metzger, the sole child of a deceased son.

Plaintiff, Mrs. Pitts, instituted this suit to partition the two hundred and forty acres of real estate, and in their answer defendants pleaded that Martin Metzger, in his lifetime, had made an advancement of $1500 to plaintiff, which, it is said, should be deducted from her interest in the real estate. Also the remaining defendants set forth in their answer that Martin Metzger, in his lifetime, made an advancement of $1300 to his daughter, defendant Jennie M. Eistertz, which should be deducted from her interest in the real estate.

The evidence is abundantly clear touching the advancement made by the decedent to his daughter, defendant Mrs. Eistertz, and there seems to be no controversy in respect of that matter. Indeed, her receipt for the amount of $1300 as an advancement is in evidence, and that such an advancement was made appears to be conceded. The court found an advancement of $1500 in favor of plaintiff and also $1300 in favor of Mrs. Eistertz.

It is argued the court erred in the finding of an advancement of $1500 to plaintiff, Mrs. Pitts; but we are not so persuaded. There appears to be an abundance of evidence tending to prove the fact of this advancement. It is in evidence that the decedent took a receipt from plaintiff for the amount in 1909, but this receipt is not in evidence. The scrivener who drew it, and also his wife, gave pointed and direct testimony to the effect that both Martin Metzger and his daughter, Mary A. Pitts, called at his house and requested him to draw the

receipt for $1500, which decedent had paid to plaintiff by way of advancement, it is said, out of his personal estate. But in this conversation plaintiff inquired of her father if this was to come out of the real estate and he said, ''No.'' There is evidence, too, that at least three, if not four, checks of $500 each given by Martin Metzger on the bank to plaintiff were paid to her. Two of these checks, it is said, passed through the Citizens Bank at Knox City, Missouri, in August, 1909, and one of them in November, 1913. Indeed, this much was practically admitted by plaintiff's counsel at the trial. The bank cashier testified concerning these facts substantially that plaintiff used those three $500 checks to her credit. It is conceded, without quibble or question, that plaintiff received two $500 checks from her father, and in view of the evidence of Judge Rhodes and his wife concerning the receipt, together with that of the cashier of the bank, there is at least substantial evidence that she received an additional $500 as well. Indeed, there is some evidence tending to prove that plaintiff received $2000 from her father, and an abundance to support the finding of the trial court that Martin Metzger paid plaintiff by check during his lifetime $1-500, which she used, as the bank cashier says, to her credit. The finding and judgment as to these advancements, at least in this statutory proceeding for partition of real estate, are to be regarded as a finding and judgment in a suit at law. Therefore, if substantial evidence appears, as it does, in support of them, the matter is not open for further review here. [See Dobbins v. Humphreys, 171 Mo. 198, 202, 70 S. W. 815.]

Moreover, it appearing as it does that plaintiff received these several amounts from her father during his lifetime, the burden was on her to show by substantial evidence that they were intended as gifts and not as advancements to be taken into account thereafter. The presumption in such circumstances obtains to the effect that such substantial payments by a parent to his child are advancements, chargeable to the child in the distribution of the donor's estate, and the burden of show-

ing the contrary rests accordingly on the party denying the advancement. [See 14 Cyc. 167; Ray v. Loper, 65 Mo. 470; Stephens v. Smith, 127 Mo. App. 18, 106 S. W. 533.] When the facts in the record are considered in connection with this presumption, no one can doubt that the finding and judgment to the effect that plaintiff received advancements amounting to $1500 from her father is amply supported.

But though such be true, the judgment must be reversed, for that the court erred in defining the rights of the respective parties in the decree. Touching this the decree proceeds as follows:

"The court doth further find, that during the lifetime of said Martin Metzger, deceased, he advanced his daughter, plaintiff Mary A. Pitts, the sum of fifteen hundred dollars as an advancement against her interest in his estate. That during the lifetime of said Martin Metzger, deceased, he advanced to the defendant Jennie M. Eistertz the sum of thirteen hundred dollars, as an advancement against her interest in his estate. That the plaintiff and defendants are entitled to partition and division of the above described real estate among them as follows: To plaintiff Mary A. Pitts, one-fifth of all said real estate, after first deducting said advancement of fifteen hundred dollars from her share. To defendant Jennie M. Eistertz, one-fifth of all of said real estate, afer first deducting said advancement of thirteen hundred dollars from her share. To Frederick Metzger, one-third of all said real estate remaining, after deducting said interest of plaintiff Mary A. Pitts and after deducting said interest of said defendant Jennie M. Eistertz therein. To defendant Martin P. Metzger, one-third of all said real estate remaining after first deducting said interest of plaintiff Mary A. Pitts, and after deducting said interest of the defendant Jennie M. Eistertz, therein. To defendant Adrain R. Metzger, one-third of all said real estate remaining after first deducting said interest of plaintiff Mary A. Pitts, and after deducting said interest of defendant Jennie M. Eistertz therein. That is to say, the interest of the plaintiff

Mary A. Pitts in all said real estate shall be worth fifteen hundred dollars less than the respective interests of defendants Frederick Metzger, Martin P. Metzger and Adrain R. Metzger. And the interest of defendant Jennie M. Eistertz, therein, shall be worth thirteen hundred dollars less than each interest of defendants Frederick Metzger, Martin P. Metzger and Adrain R. Metzger.''

Both plaintiff and defendants assume in their briefs that the land is of the value of, and on sale will yield, $15,000, and treat with the subject-matter on that basis. We shall proceed in the same view in our comment on the decree and the rights of the parties thereunder. According to the decree, if the two hundred and forty acres of land to be sold is of the value of $15,000, each one of the five heirs should be entitled to $3000 in money' as their portion of the fund. By the decree, there is deducted from plaintiff's $3000 the $1500 advancement and she would receive but $1500. Also by the decree there is $1300 deducted from the share of Mrs. Eistertz and she would receive but $1700; when both of these ladies are entitled to a larger sum, for that the advancements should be brought into hotchpot with the lands and the division accordingly made, after deducting from the shares of each of those receiving advancements the amount of such advancements.

The statute (section 337, R. S. 1909) provides that when any of the children of an intestate who shall have received in his lifetime advancements shall come into partition with the other parceners, such advancements shall be brought into hotchpot with the estate descending. Hotchpot, it is said, is the blending and mixing of property belonging to different persons, in order to divide it equally. [Bouvier's Law Dictionary.] The decree ignores this entirely, as it does the rule in respect of advancements. Assuming the land to be of the value of $15,000, the two advancements should be brought into hotchpot with this—that is to say, the advancement to plaintiff of $1500 and the advancement to Mrs. Eistertz of $1300—so that the estate in judgment would amount

to $17,800. Of this estate in hotchpot consisting of $17,-800, each one of the five parties is entitled in the first instance to one-fifth portion—that is to say, $3560—but plaintiff, having received $1500 theretofore as an advancement out of the estate, is to be charged therewith and such amount deducted from her portion of $3560. This entails as a result a right on her part to participate to the extent of $2060 in the common fund in hotchpot. Defendant Mrs. Jennie M. Eistertz is entitled likewise in the first instance to have a portion amounting to $3560 in the common fund. But this portion is to be charged with an advancement of $1300 paid to her by her father out of his estate so as to entail the result that she shall participate only to the amount of $2260 in the hotchpot. Each of the other three heirs is entitled to have of the estate in hotchpot the full one-fifth portion thereof—that is to say, $3560, respectively, for they have heretofore received naught.

But the land has not been sold and we are unadvised as to what the amount realized from it will be. It should be said, however, that from this fund there is first to be deducted the costs of the partition and expense of sale. To the net amount of the proceeds of the real estate should be added the sum, as above indicated, of the advancements to plaintiff and Mrs. Eistertz—that is, $2800—and the amount of this fund should be divided into five equal parts and each of the defendants—that is, the two sons, Adrain R. Metzger and Frederick Metzger and the grandson Martin P. Metzger—should receive one of such parts—that is, a full one-fifth of the entire fund after deducting the costs and expenses of sale. Plaintiff should receive one of such parts less the advancements of $1500 to her and defendant Mrs. Eistertz should receive one of such parts less the advancement of $1300 to her.

The error in the decree is an obvious one and of course prejudicial. The judgment should be reversed and the cause remanded with directions to the trial court to bring the advancements and the fund from the

sale of the land into hotchpot and enter a decree as above indicated. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.